ORIGINAL

13 CV 6794

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :  No.
John Andries Bal, Jr.,                                     :
85 Kenmare Street #35, New York, NY 10012,                 :
                                                           :
                    Plaintiff/Petitioner,                  :
                                                           :
           -v-                                             :  **VERIFIED**
                                                           :  **COMPLAINT**
ITEX CORPORATION, STEVEN WHITE,                            :  **WITH PETITION**
JOHN WADE, ERIC BEST, ROBERT                               :  **FOR WRIT OF**
BENSON, NYTO TRADE INCORPORATED                            :  **MANDAMUS**
aka NYTO TRADE INCORPORATION, JOHN                         :
CASTORO, IZZY GARCIA, LAW OFFICE                           :
OF FRANKFURT KURNIT KLEIN & SELZ PC,                       :
CAMERON MYLER, JEREMY GOLDMAN,                             :
LAW OFFICE OF JOSEPH MAIRA, JOSEPH                         :  Jury Trial Demanded
MAIRA, SOMA SYED, DAILY NEWS, LP,                          :
STATE OF NEW YORK, STATE OF NEW                            :
JERSEY, and U.S. SECURITIES AND                            :
EXCHANGE COMMISSION,                                       :
                                                           :
                    Defendants.                            :
                                                           :
-----------------------------------------------------------x



RECEIVED SEP 24 2013 PRO SE OFFICE

Plaintiff/petitioner John Andries Bal, Jr. ("plaintiff") (secured

party/creditor of JOHN ANDRIES BAL JR.), a de jure Private Citizen of the

United States of America, as both the plaintiff and the petitioner, brings

this complaint under the Federal Rules of Civil Procedure ("FRCP"), New

York State Law ("State Law"), and related laws against defendants: a) Itex

Corporation ("Itex"), NYTO Trade Incorporated aka NYTO Trade

Incorporation ("NYTO"), Law Office of Frankfurt Kurnit Klein and Selz, PC

("FKKS"), Law Office of Joseph Maira ("Law Office of Maira"), and Daily

1

News, LP ("Daily News"), b) Cameron Myler ("Myler"), Jeremy Goldman ("Goldman"), Joseph Maira ("Maira") and Soma Syed ("Syed") personally and in their official capacity, c) the State of New York and its agents, d) a derivative lawsuit on behalf of Itex Corporation ("ITEX") against defendant directors Steven White ("White"), John Wade ("Wade"), and Eric Best ("Best") personally and in their official capacities, e) a petition of mandamus for State of New York ("State of New York") to perform its duty, f) a petition for mandamus for State of New Jersey ("State of New Jersey") to perform its duty, g) a petition for mandamus of the U.S. Securities and Exchange Commission ("SEC") to perform its duty pursuant to the provisions of Sarbanes-Oxley Act and related laws.

## JURISDICTION

1. This court has subject matter jurisdiction over this action pursuant to 28 USC § 1331, 28 USC §1332, 28 USC § 1343, 28 USC § 1345, 28 USC § 1346, 28 USC § 1357, 28 USC 1361, 28 USC 1443, 42 USC 1983, 42 USC § 1985(3), 42 USC 1986, 18 USC § 1964, New York State Civil Rights Law Chapter 6 Article 2 § 10, New York State Tax Article 37, Part 2, Tax Frauds § 1809, New York State Civil Practice Law and Rules ("CPLR") 205(a), and New York State Tax Article 9 § 203-a.

## VENUE

2. Venue is proper in this District Court pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391.

## PARTIES

3. At all times plaintiff/petitioner John Andries Bal, Jr. ("plaintiff") (secured party/creditor of JOHN ANDRIES BAL JR.), a de jure private citizen of the United States of America, resided at 85 Kenmare Street, Apartment #35, New York, NY 10012[1]. Plaintiff is a current shareholder and former member of Itex.

---

1 **As judicial notice germane herein as to plaintiff's status before the District Court:**
a) Plaintiff was naturally born on January 5, 1946 within the county, city and state of New York and geographically within the United States of America.
b) Plaintiff, a natural person, became a de jure, natural born private United States citizen on the day of his natural birth pursuant to Section 1 of the Fourteenth Amendment to the United States Constitution;
c) Plaintiff, by operation of law, was pledged as property for, wedded to, and made Surety for, a de facto, artificial person, statutory Public United States citizen by means of a "Certificate of Live Birth" filed with the County of New York, in the State of New York, on January 7, 1946;
d) Plaintiff, by operation of law, was restored to his former status of being a Private United States Citizen upon the filing of a "Notice of Release Without Consideration" being NUNC PRO TUNC with the Clerk of Court, Lamar County, Georgia, on July 8, 2013;
e) Plaintiff, has eliminated any presumption of fact that plaintiff is Property of, or Surety for, said statutory Public United States citizen by filing a "Notice of Rescission of Signatures of Suretyship—NUNC PRO TUNC" affirmed August 26, 2013 in regards to the State of New York, as to which county plaintiff makes his home, privately residing on the land at Common Law and not publicly residing according to statute.
f) As of August 26, 2013, plaintiff became the sole secured beneficiary and Agent of the Business Trust debtor organization JOHN ANDRIES BAL, JR. and Mergent Services BY FILING his transmitting utility with UCC1 Financial Statement in the State of Kentucky with registration # 2013-2661512-09.01 in association with his Commercial Security Agreement affirmed August 26, 2013.
g) Plaintiff, by virtue of his constitutionally protected status of being a Private United States Citizen, is as foreign to the present de facto Emergency War Powers jurisdiction of the United States, the former de jure Common Law jurisdiction of the United States (as per Section 1 of the 14th Amendment) having been altered and/or modified into the present de facto Civil Law jurisdiction of the United States by a congressionally-amended, World War I statute and a subsequent presidential proclamation, both events transpiring on March 9, 1933;
**Therefore:**

3

4. Defendant Itex is an international merchandise broker with approximately 97 sub-brokers and 18,623 members throughout the United State and Canada. Itex's principal place of business is located at 3326 160th Avenue SE, Suite 100, Bellevue, WA 98008-3418.

5. Defendants White, Wade, Best are directors of Itex. Their principal place of business is located at 3326 160th Ave SE, Suite 100, Bellevue, WA 98008-3418.

---

a) Plaintiff is not a statutory public "United States citizen;"
b) Plaintiff is not a statutory public "resident" of the United States;
c) Plaintiff is not a statutory "United States person;"
d) Plaintiff is not a statutory "non-citizen national;"
e) Plaintiff is not a statutory public "citizen" of the State of New York;
f) Plaintiff is not a statutory public "resident" of the State of New York;
g) Plaintiff is not a statutory "resident alien;"
h) Plaintiff is not a statutory "non-resident alien;"
i) Plaintiff is not a statutory "taxpayer;"
j) Plaintiff does not have a statutory "tax home within the U.S.;"
k) Plaintiff is a "nontaxpayer" pursuant to Economy Heating and Plumbing v. United States, 470 F.2d 585, 589 (1972);
l) Plaintiff, as a matter of public record, is the Non-Surety Agent and attorney-in-fact for transmitting utility and Public U.S. citizen "JOHN ANDRIES BAL, JR." and d/b/a "Mergent Services"; therefore plaintiff is the beneficial owner of all income derived from his exclusive use of the NAME of "JOHN ANDRIES BAL, JR." presently under public commercial lien and copyrighted, copy-claimed and trademarked by plaintiff.

American national citizens, public citizens (artificial persons) and private citizens (natural persons), are protected by the federal government via Section 1 of the 14th Amendment.

The artificial person/public U.S. citizen attached to every 14th Amendment natural person/public U.S. citizen is a creation of each State government via a birth certificate on file in the State of the natural person's birth. The name of this artificial person/Roman persona is in all capital letters and termed "Capitis Diminutio Maxima." This all-caps name is a "nom de guerre" (name of war) for the Roman persona/public U.S. citizen to be treated as an enemy of war by every Emergency War Powers court. Further, the name tag of every American soldier is in all capital letters, also indicating his name of war. Thus, the all-caps name is used for both soldiers and enemies captured in war publically residing in the states deemed mere conquered territories by the de facto Military Government in Washington, D.C.

All income of the artificial person/public U.S. citizen, for which the individual 14th Amendment Private U.S. Citizen is subordinate Surety, may be income/excise/privilege taxed. All income of the artificial person derived from any source whatsoever may be "war taxed" save those sources exempted by the Congress or "mandatorily excepted" --- the "Church" and its "integrated auxiliaries."

4

6. Defendant Benson is a Vice President of Itex. His principal place of business is located at 3326 160th Ave SE, Suite 100, Bellevue, WA 98008-3418.

7. Defendant NYTO is Itex's sub-broker for New York and New Jersey. Its principal place of business is located at 1103 Westfield Avenue, Rahway, NJ 07065.

8. Defendants Castoro and Garcia are the President/CEO and Manager, respectively, of NYTO. Their principal place of business is located at 1103 Westfield Avenue, Rahway, NJ 07065.

9. Defendant Law Office of Frankfurt Kurnit Klein & Selz PC ("FKKS") represents Itex in NYS Court. Its principal place of business is located at 488 Madison Avenue, New York, NY 10022.

10. Defendant Myler, for the period in question, was an employee of FKKS. Myler's principle place of business is located at Tisch Center, Fairchild Building, 7 East 12th Street, 4th Floor, New York, NY 10003.

11. Defendant Goldman is an employee of FKKS. His principal place of business is located at 488 Madison Avenue, New York, NY 10022.

12. Defendant Law Office of Maira represents defendants NYTO, Castoro, and Garcia in NYS Court. Law Office of Maira's principal place of business is located at 1229 Avenue Y, Apartment #5C, Brooklyn, NY 11235.

13. Defendant Maira is the owner of Law Office of Maira and Syed, upon information and belief, is an employee of Law Office of Maira. Their principal place of business is located at 1229 Avenue Y, Apartment #5C, Brooklyn, NY 11235.

14. Defendant State of New York is a governmental entity. Its principal place of business is located at State Capitol, Albany, NY 12224.

15. Defendant State of New Jersey is a governmental entity. Its principal address is located at Office of the Governor, Trenton, NJ 08625.

16. Defendant Daily News is a newspaper publication. Its principal place of business is located at 4 New York Plaza, New York, NY 10004.

17. The SEC is a U.S. governmental entity. Its principal place of business is located at 100 F Street NE, Washington, DC 20549.

## CAUSES OF ACTION

18. The character and magnitude of the injuries to plaintiff are substantial.

19. Plaintiff has been denied due process and equal protection of the 1st section of the 14th amendment by actions by agents of the State of New York acting under color of law by non/mis/malfeasance with private entities and their agents including Itex and sub-broker NYTO and its agents to deprive

plaintiff of his 1st and 5th amendment right to petition the government with a complaint seeking remedy for grievance and having aided and abetted foreign entities and their agents in the harming of plaintiff in excess of $75,000 under pretense of selling advertising and gift certificates without the intention to fulfill the contract or even return the funds.

20. Plaintiff claim of injury pursuant to foregoing paragraphs herein is palpable and correlates to each and every defendant with a dollar value; whereas, plaintiff seeks judgment ordering that defendants proportionately pay monetary compensation for injury to plaintiff .for compensatory and punitive damages to each of the following cause of action and a mandamus of the State of New York, State of New Jersey, and SEC to enforce the law to protect plaintiff and those similarly situated from further injury accordingly:

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS ITEX, WHITE WADE, BEST, BENSON, NYTO, CASTORO AND GARCIA

21. Plaintiff repeats and re-alleges the allegations contained in each preceding paragraphs as if fully set forth herein.
22. Itex, Castoro, and Garcia breached contracts to provide plaintiff with $56,560 of advertising. In addition to the $56,650 loss that plaintiff paid for advertising, plaintiff also suffered lost profits in the amount of $580,000.

23. Upon information and belief, each of these defendants conspired to deny plaintiff's right to a speedy resolution of the issues presented to the NYS Court.

24. Upon information and belief, each of the defendants conspired to conceal from the NYS Court that Itex and NYTO are *unauthorized* foreign corporations illegally doing business in New York.

25. Upon information and belief, each of these defendants conspired to conceal millions of dollars of income from the State of New York received as commissions on sales and association fees.

26. Upon information and belief, Itex concealed millions of dollars of income from the State of New Jersey received as commissions on sales and association fees.

27. Upon information and belief, Itex, White, NYTO, and Castoro conduct an illegal interstate gambling business.

28. Each of these defendants has a fiduciary duty to plaintiff.

29. Each of these defendants breached their fiduciary duty to plaintiff by converting funds from the plaintiff's account.

30. Each of these defendants breached contracts to provide plaintiff with goods and services.

31. Defendants' breach of contracts and fiduciary duties has harmed plaintiff in excess of $75,000.

32. Plaintiff is a shareholder of Itex. Upon information and belief, without authorization, White, Wade, and Best awarded themselves in excess of $1 million dollars in cash and shares of Itex stock.

33. On behalf of Itex, plaintiff seeks disgorgement of all the ill-gotten gains received by White, Wade, and Best.

34. Upon information and belief, Itex failed to report approximately $200 million dollars of income received as commissions on sales and association fees.

35. Upon information and belief, directors White, Wade, and Best failed a fiduciary duty to pay the applicable federal, state, and local taxes on millions of dollars of Itex's income.

36. On behalf of Itex, as a result of their negligence, these directors should personally pay the interest, penalties, and all other charges associated with their failure to timely pay applicable governmental taxes.

37. Itex and NYTO have a fiduciary duty to its members. Itex's procedures allow a systemic conflict-of-interest whereby employees of Itex and NYTO compete for goods and services with members.

38. Upon information and belief, Itex and NYTO employees give themselves a priority over members for available goods and services.

39. Itex's procedures allow for systemic embezzlements from members' accounts. For example, Itex makes unauthorized withdrawals from members' accounts, including plaintiff's account,

40. In addition, Itex embezzles members' funds, including plaintiff's, by seizing the funds of incomplete transactions between members. For example, as in my situation, if a member purchases advertising or gift certificates, Itex deposits the funds into an internal Itex account, *not the seller's account* (thereby comingling Itex's and member's funds). If the transaction is not completed, Itex seizes the deposited funds, declares themselves the owner of the funds, and does not return the funds for the incomplete transaction to the member who deposited them.

41. If a member complains about funds for an incomplete transaction not being returned, or for any reason a members wants to cancel their membership, Itex places the member in a "spend down" status. Itex's rules prohibit members from making sales and require members to "spend down" their account balances within a period of time decided by Itex (for which Itex will receive commissions) or, as permitted by Itex's rules, Itex will assume ownership of the balance in the member's account.

42. Another systemic Itex embezzlement occurs when a member cancels their membership. Itex refuses to refund the member their

account balance and orders the member to either "spend down" their account balance or else Itex will keep the member's funds.

43. Itex refused to pay plaintiff the $1,686.58 balance in his account.

44. Plaintiff is an Itex shareholder. Rule 14a-7 of the Securities Exchange Act of 1934 entitles plaintiff to the contact information of Itex shareholders. Itex refused to provide plaintiff with this information.

45. NYTO and Castoro attempted to chill plaintiff's 1st amendment rights by maliciously filing requests for a Temporary Restraining Order and Preliminary Injunction to silent plaintiff's legitimate speech. On March 26, 2013, the NYS Court denied the requests.

46. Defendant White improperly sent American Arbitration Association ("AAA") Arbitrator Lawrence Mills $1,650 in an attempt to influence an arbitration decision in favor of NYTO, Castoro, and Garcia.

47. Defendant Benson made false sworn statements and submitted a fraudulent accounting document to the NYS Court to conceal the conversion of plaintiff's funds.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS FKKS, MYLER AND GOLDMAN

48. Plaintiff repeats and re-alleges the allegations contained in each preceding paragraph as if fully set forth herein.

49. Upon information and belief, FKKS, Myler, and Goldman conspired to deny plaintiff's right to a speedy NYS Court trial and concealed that Itex is an *unauthorized* foreign corporation.

50. Myler, "sewer served" a Notice of Entry to deprive plaintiff of his right to an appeal.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS LAW OFFICE OF MAIRA, MAIRA, AND SYED

51. Plaintiff repeats and re-alleges the allegations contained in each preceding paragraph as if fully set forth herein.

52. Upon information and belief, Law Office of Maira, Maira, and Syed conspired to deny plaintiff's right to a speedy NYS Court trial and concealed that NYTO is an *unauthorized* foreign corporation.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT DAILY NEWS

53. Plaintiff repeats and re-alleges the allegations contained in each preceding paragraph as if fully set forth herein.

54. Upon information and belief, Daily News breached a contract to provide plaintiff with $24,000 of advertising.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS STATE OF NEW YORK, STATE OF NEW JERSEY, AND SEC

55. Plaintiff repeats and re-alleges the allegations contained in each preceding paragraph as if fully set forth herein.

56. Plaintiff seeks a writ of mandamus for State of New York, State of New Jersey, and the SEC to perform their duties and investigate the alleged Itex wrongdoing reported to them.

57. Plaintiff seeks a writ of mandamus for State of New York and State of New Jersey to perform their duties and investigate the alleged NYTO and Castoro wrongdoing reported to them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands and prays that judgment be entered against defendants as follows:

A. Declaring that White, Wade, Best, NYTO, Castoro, and Garcia violated their Fiduciary duties to Itex and plaintiff.

B. For an order directing Itex, NYTO, Castoro, and Garcia to refund $56,650 that plaintiff paid for advertising.

C. For an order directing Itex, Castoro, and Garcia to pay plaintiff $580,000 in lost profits.

D. For an order directing Itex to pay plaintiff the $1,686.58 in his account.

E. For an order directing Itex, White, NYTO, and Castoro to pay plaintiff $100,000 for concealing critical information from the NYS Court and denying plaintiff's right to a speedy trial.

F. For an order directing Itex and NYTO to pay the applicable taxes due on approximately $200 of unreported income.

13

G.  As a result of breaching fiduciary duties, for an order directing White, Wade, and Best to pay interest, penalties, and other charges related to the failure to pay applicable Itex taxes on income.

H.  For an order directing Itex to return $56,650 converted from plaintiff's account.

I.  .For an order directing disgorgement of all ill-gotten gains received White, Wade, and Best.

J.  For an order directing Itex and NYTO to cease its illegal interstate gambling business.

K.  For an order directing Itex and NYTO to cease competing for goods and services with its members.

L.  For an order directing Itex to cease its systemic embezzlements from the accounts of its members.

M.  For an order directing Itex to cease enforcing its "spend down" policy.

N.  For an order directing Itex to pay the account balances of members canceling their membership in Itex.

O.  For an order directing Itex, in accordance with SEC Rule 14a-7, to provide the contact information of Itex shareholders or provide a method to forward plaintiff's speech to Itex's shareholders.

P.  For an order directing NYTO and Castoro to pay plaintiff $100,000 for malicious prosecution in attempting to chill plaintiff 1st amendment rights.

14

Q. For an order directing Benson to pay plaintiff $75,000 for making false statements and submitting a fraudulent accounting statement to NYS Court to obstruct the court proceeding and prevent recovery of funds converted from plaintiff's account.

R. For an order directing FKKS and Goldman to pay plaintiff $100,000 for conspiring to deny plaintiff's right to a speedy trial and for concealing from NYS Court that Itex is an *unauthorized* foreign corporation.

S. For an order directing Myler to pay plaintiff $150,000 for intentionally "sewer serving" plaintiff to deny plaintiff his right to appeal a NYS decision and for concealing that Itex is an *unauthorized* foreign corporation.

T. For an order directing Law Office of Maira, Maira, and Syed to pay plaintiff $100,000 for conspiring to deny plaintiff's right to a speedy trial and for concealing from NYS Court that NYTO is an *unauthorized* foreign corporation.

U. For an order directing Daily New to pay plaintiff $24,000 for breaching a contract to provide plaintiff with advertising.

V. For a writ of mandamus ordering State of New York to investigate the wrongdoing of Itex, NYTO, and Castoro reported to them.

W. For a writ of mandamus ordering State of New Jersey to investigate the wrongdoing of Itex, NYTO, and Castoro reported to them.

15

X.  For a writ of mandamus ordering the SEC to investigate the wrongdoing of Itex, reported to them.

DATED:  New York New York
        September 24, 2013

_____
John Bal, *pro se*
85 Kenmare Street #35
New York, NY 10012
(212) 966-7576

## AFFIDAVIT OF VERIFICATION

State of New York )
ss.: )
County of New York )

    I, John Andries Bal, Jr., in esse and sui juris, the sole secured beneficiary and agent of the business trust debtor organization JOHN ANDRIES BAL, JR., being duly sworn, depose and say under penalty of perjury:

    I have read the above complaint and causes of action and I know its contents; the facts stated herein are true to my own personal knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters not stated are upon my belief derived from third-parties, books and records, and personal knowledge, except as to those stated upon information and belief, and as to those matters I believe them to be true.

_____
John Andries Bal, Jr. in esse and Sui Juris agent

Sworn to before me
This 24th day of September 2013

_____
Notary Public

WAH HEE LEI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01LE6151951
QUALIFIED IN KINGS COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES AUGUST 28, 2014

17