UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10/18/13

JOHN ANDRIES BAL, JR.,

        Plaintiff,

-against-

ITEX CORPORATION, *et al.*,

        Defendants.

ORDER OF SERVICE
13 CV 6794 (CM)

COLLEEN McMAHON, United States District Judge:

Plaintiff, John Andries Bal, Jr., brings this claim *pro se* and *in forma pauperis*, alleging that Defendants violated his rights under federal and state law. By order dated October 11, 2013, the Court granted Plaintiff's request to proceed *in forma pauperis*. The Court directs service on Defendants ITEX Corporation, Steven White, John Wade, Eric Best, Robert Benson, NYTO Trade Incorporated, John Castoro, and Izzy Garcia and dismisses the remaining Defendants from the action for the foregoing reasons.

## STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest."

Copies mailed/faxed/handed to counsel on 10/18/13

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Named as Defendants are ITEX Corporation (ITEX); Steven White; John Wade; Eric Best; Robert Benson; NYTO Trade Incorporated (NYTO); John Castoro; Izzy Garcia; Law Office of Frankfurt, Kurnit, Klein, and Selz, P.C.; Cameron Myler; Jeremy Goldman; Law Office of Joseph Maira; Joseph Maira; Soma Syed; the Daily News; the State of New York; the State of New Jersey; and the U.S. Securities and Exchange Commission (SEC).

Plaintiff alleges that he is a shareholder and member of ITEX, a Washington corporation, where Defendants White, Wade, and Best serve as directors and Defendant Benson serves as Vice-President. (Compl. at 3-5.) Plaintiff alleges that NYTO, a New Jersey corporation, is a sub-broker for ITEX and that Defendant Castoro serves as President and Defendant Garcia serves as manager for NYTO. (*Id.* at 5.) Plaintiff's claims appear to arise out of the alleged wrongdoing of these two corporations and their named agents and the resulting litigation in state court. Plaintiff alleges that Defendants ITEX, Castoro, and Garcia breached a contract to provide Plaintiff with $56,560 of advertising services and that he suffered $580,000 in lost profits as a result. (*Id.*) Plaintiff further alleges that these Defendants concealed millions of dollars of income from the states of New York and New Jersey and conducted an "illegal interstate gambling business." (*Id.* at 8.)

Additionally, Plaintiff alleges the corporate malfeasance and negligence of Defendants White, Wade, and Best as directors of ITEX, including failure to report income and pay applicable taxes, embezzlement, and failure to otherwise comply with the Securities Exchange Act. (*Id.* at 9-11.) Plaintiff claims that ITEX, NYTO, and their named agents have breached

2

contracts with Plaintiff and have breached their fiduciary duty to Plaintiff, for which he has suffered losses in excess of $75,000. (*Id.* at 8.) Plaintiff also seeks to bring a shareholder derivative lawsuit on behalf of ITEX against Defendants White, Wade, and Best. (*Id.* at 2.)

Plaintiff also brings claims against the Law Office of Frankfurt, Kurnit, Klein, and Selz, P.C., and two of its employees, Defendants Myler and Goldman, alleging that they "conspired to deny plaintiff's right to a speedy [New York State] trial." (*Id.* at 12.) He asserts the same allegations against Defendant Law Office of Joseph Maira and its employees, Defendants Maira and Syed. (*Id.*) Although Plaintiff refers to his right to a speedy trial, he does not allege that he was criminally prosecuted or describe how these Defendants violated his speedy trial rights.

Plaintiff alleges that Defendant Daily News, a New York corporation, breached a contract for $24,000 in advertising. (*Id.* at 12.)

Lastly, Plaintiff brings petitions for writs of *mandamus* against the State of New York, the State of New Jersey, and the SEC. Plaintiff seeks to compel these Defendants to "perform their duties" and investigate the allegations of wrongdoing by Defendants ITEX, NYTO, and Castoro contained within the complaint. (*Id.* at 13.)

Plaintiff seeks writs of *mandamus*, compensatory damages, and injunctive relief.

## DISCUSSION

### A. Rule 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." In a clarification of Rule 8's pleading standard, the Supreme Court held that:

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when

3

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard, commonly referred to as the "plausibility standard," is guided by two principles. First, while district courts must accept as true all factual allegations contained in a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, when deciding what is plausible, a district court must consider the context and "draw on its judicial experience and common sense." *Id.* at 679.

Even under this plausibility standard, district courts "remain obligated to construe *pro se* complaints liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191 (2d Cir. 2008); *Boykin v. KeyCorp*, 521 F.3d 202, 213-14, 216 (2d Cir. 2008). Thus, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, district courts should look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them to raise the "strongest [claims] that they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (emphasis in original).

### 1. Writ of Mandamus

Petitioner's claims against the State of New York, the State of New Jersey, and the SEC are dismissed for failure to state a claim. Petitioner brings these petitions for writs of *mandamus* under 28 U.S.C. § 1361 to compel the State of New York and the State of New Jersey to "perform their duties and investigate" the allegations against Defendants ITEX, NYTO, and Castoro. Under 28 U.S.C. § 1361, this Court has original jurisdiction in actions for *mandamus* relief only when litigants seek "to compel an *officer or employee of the United States or any*

*agency thereof* to perform a duty owed." 28 U.S.C. § 1361 (emphasis added). Since the State of New York and the State of New Jersey are not officers, employees, or agencies of the United States, this Court lacks the jurisdiction to compel these defendants, under § 1361, to perform any duty that Plaintiff believes that he is owed. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988).

Petitioner also brings a petition for a writ of *mandamus* under 28 U.S.C. § 1361 to compel the SEC, an agency of the United States, to "perform [its] duties and investigate" the allegations against ITEX. A writ of mandamus is an extraordinary judicial remedy. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (noting that "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations"). "A writ of mandamus will not issue unless (1) the plaintiffs have a right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) plaintiff has exhausted all other avenues of relief." *City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir. 1984).

The instant petition against the SEC must be dismissed because the SEC does not have a clear nondiscretionary duty to investigate petitioner's charge. Absent legal constraints on an agency's discretion, mandamus relief is an inappropriate remedy to compel an agency to investigate or prosecute violations of the substantive laws it enforces. *See Wayte v. United States*, 470 U.S. 598, 607-08 (1985); *Heckler v. Chaney*, 470 U.S. 821, 831, 832–33 (1985). Congress has indicated that SEC investigations are discretionary. 15 U.S.C. § 78u(a)(1) ("The Commission may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter."). In other words, the SEC does not have a nondiscretionary duty to investigate Petitioner's allegations. Accordingly, as the SEC does not have a duty to perform the act in question, the instant writ is without merit and must be dismissed. Even if Respondent had a duty to investigate the charge,

Petitioner fails to allege that he is entitled to the requested relief or that there is no other adequate remedy available.

### 2. 28 U.S.C. §1983

Plaintiff's claims against Defendants Law Office of Frankfurt, Kurnit, Klein, and Selz, P.C.; Cameron Myler; Jeremy Goldman; Law Office of Joseph Maira; Joseph Maira; and Soma Syed are dismissed for failure to state a claim. The Court construes these claims as brought under 28 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges there that these Defendants "conspired to deny plaintiff's right to a speedy [New York State] Court trial." (Compl. at 12.) The right to a "speedy and public trial" in criminal prosecutions is a right guaranteed by the Sixth Amendment, which has been recognized as a fundamental right incorporated against the States through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U.S. 213, 223–24 (1967). Plaintiff has not alleged that he was criminally prosecuted. Rather, he states that he was a party to an action for a temporary restraining order in civil court and to arbitration. (*Id.* at 11.) Since the Sixth Amendment applies only to criminal actions, Plaintiff has failed to state a claim that his constitutional right to a speedy trial was violated.

Even if Plaintiff was criminally prosecuted, his allegations against these Defendants are insufficient to state a claim under § 1983. A claim for relief under § 1983 must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are not generally liable under the statute. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57

6

(1978). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *Osipova v. Dinkins*, 907 F. Supp. 94, 96 (S.D.N.Y. 1995), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983 regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *Schnabel v. Abramson*, 232 F.3d 83, 86-87 (2d Cir. 2000). Therefore, the claim against Defendants Law Office of Frankfurt, Kurnit, Klein, and Selz, P.C.; Cameron Myler; Jeremy Goldman; Law Office of Joseph Maira; Joseph Maira; and Soma Syed must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff's allegations against these Defendants fail to state a federal claim, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting against these Defendants.

**B. Subject-Matter Jurisdiction**

Plaintiff's claims against Defendant Daily News must be dismissed for lack of subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (Section 1331) or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 (Section 1332). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298,

301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### 1. Federal Question

Plaintiff's allegations against Defendant Daily News do not suggest a basis for jurisdiction under 28 U.S.C. § 1331. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). Mere invocation of federal statutes, without an underlying federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's claim that Defendant Daily News breached a contract to provide Plaintiff with advertising services does not arise under a federal statute or the United States Constitution. This Court, therefore, lacks federal question jurisdiction over Plaintiff's breach-of-contract claim.

### 2. Diversity of Citizenship

Nor does Plaintiff's breach-of-contract claim against Daily News arise under the Court's diversity jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, the plaintiff must first allege that he and defendant are citizens of different states. Diversity must be complete; in other words, "no plaintiff and no defendant [may be] citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must show to a "reasonable

probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted); *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Since Plaintiff alleges that he and Defendant Daily News are both citizens of New York, the parties are not diverse. (Compl. at 6.) Additionally, since Plaintiff claims that Defendant Daily News breached an advertising contract for $24,000 (Compl. at 12), he has failed to allege to a reasonable probability that the amount in controversy against this Defendant exceeds $75,000. As Plaintiff fails to demonstrate that his claim against Defendant Daily News arises under the Court's diversity subject matter jurisdiction, his claim against it must be dismissed.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendants State of New York; State of New Jersey; the SEC; Law Office of Frankfurt, Kurnit, Klein, and Selz, P.C.; Cameron Myler; Jeremy Goldman; Law Office of Joseph Maira; Joseph Maira; and Soma Syed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also dismisses Plaintiff's claim against Defendant Daily News for lack of subject-matter jurisdiction.

To allow Plaintiff, who is proceeding *in forma pauperis*, to effect service on the remaining Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. Within thirty days of the date of this order, Plaintiff must complete a USM-285 form for each Defendant and return those forms to the Court.

If Plaintiff does not wish to use the Marshals Service to effect service, Plaintiff must notify the Court in writing within thirty days of the date of this order and request that a summons be issued directly to Plaintiff. If within thirty days, Plaintiff has not returned the USM-285 forms or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

Upon receipt of each completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each Defendant.

No matter what method of service Plaintiff chooses, Plaintiff must effect service within 120 days of the date the summons is issued. It is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). If within 120 days of issuance of the summons, Plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute. Finally, it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

SO ORDERED: 10/18/2013

Dated: Click here to enter a date.
New York, NY

COLLEEN McMAHON
United States District Judge