UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOHN ANDRIES BAL, JR.,                            :
                                                  :
                Plaintiff,           :
                                                  :
   -against-                                    :   Case No.: 13 CV 6794 (CM)
                                                  :
ITEX CORPORATION, STEVEN WHITE,                   :
JOHN WADE, ERIC BEST,                             :
ROBERT BENSON, NYTO TRADE                         :
INCORPORATED also known as NYTO TRADE             :
INCORPORATION, JOHN CASTORO, and IZZY             :
GARCIA,                                           :
                                                  :
                Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS
ITEX CORPORATION, STEVEN WHITE, JOHN WADE, ERIC BEST, AND
ROBERT BENSON FOR A MORE DEFINITE STATEMENT**

Edward H. Rosenthal
Jeremy S. Goldman

FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
Email: erosenthal@fkks.com
       jgoldman@fkks.com

*Attorneys for Defendants
ITEX Corporation, Steven White, John Wade,
Eric Best, and Robert Benson*

# TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| FACTUAL BACKGROUND | 2 |
|     A. State Court Action | 3 |
|     B. Instant Action | 4 |
| ARGUMENT | 7 |
| POINT I - Bal's Claims Are So Jumbled, And So "Bereft" Of Factual Support, That His Verified Complaint Is Unintelligible | 7 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

CASES

*Akande v. U.S. Postal Serv.*,
  No. 12 Civ. 6034(CM), 2013 WL 587204 (S.D.N.Y. Feb. 13, 2013) .................................. 1, 8, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 7, 8

*Bal v. Flaherty*,
  10 Misc. 3d 1059(A), 2004 WL 3621888 (N.Y. Civ. Ct. July 16, 2004) ............................... 2

*Bal v. Hughes*,
  No. 92 Civ. 5453(JFK), 1995 WL 675483 (S.D.N.Y. Nov. 13, 1995) ................................... 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................. 7, 8

*Erickson v. Pardus*,
  551 U.S. 89 (2007) ...................................................................................................................... 1, 8

*ESI, Inc. v. Coastal Corp.*,
  61 F. Supp. 2d 35 (S.D.N.Y. 1999) .......................................................................................... 2, 8

*Harris v. Westchester Cnty. Med. Ctr.*,
  No. 08 Civ. 1128(RJH), 2011 WL 2637429 (S.D.N.Y. July 6, 2011) .................................... 8

*Kok v. First Unum Life Ins. Co.*,
  154 F. Supp. 2d 777 (S.D.N.Y. 2001) ...................................................................................... 2, 8, 9

*Tom Kelley Studios Inc. v. Int'l Collectors Soc'y Inc.*,
  No. 97 Civ. 0056(WK), 1997 WL 598461 (S.D.N.Y. Sept. 25, 1997) ................................... 8

*Williams v. Calderoni*,
  No. 11 Civ. 3020(CM), 2012 WL 691832 (S.D.N.Y. Mar. 1, 2012) ...................................... 8

STATUTES

28 U.S.C. § 1915(e)(2)(B)(ii) .......................................................................................................... 4

OTHER AUTHORITIES

17 C.F.R. § 240.14a–1(j) .................................................................................................................. 7

17 C.F.R. § 240.14a–7(a) ................................................................................................................. 7

Fed. R. Civ. P. 8(a)(2) ..................................................................................................7

Fed. R. Civ. P. 12(e) ............................................................................................ *passim*

Defendants ITEX Corporation ("ITEX"), Steven White ("White"), John Wade ("Wade"), Eric Best ("Best"), and Robert Benson ("Benson") (collectively, the "ITEX Defendants") respectfully submit this memorandum of law in support of their motion pursuant to Rule 12(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") for a more definite statement of a pleading from plaintiff John Andries Bal, Jr. ("Bal").

## PRELIMINARY STATEMENT

In his Verified Complaint with Petition for Writ of Mandamus ("Verified Complaint") dated September 24, 2013, Bal, who is proceeding *pro se*, purports to allege a single cause of action against all of the ITEX Defendants. See Verified Complaint, which is attached as Exhibit ("Ex.") A to the Declaration of Jeremy S. Goldman ("Goldman Decl.") accompanying this memorandum of law, ¶¶ 21–47. In actuality, the "First Cause of Action," *id.* at 7, contains a jumble of unrelated claims, allegations, and accusations. *See, e.g., id.* ¶¶ 22, 30 (alleging breach of contract); ¶¶ 25–26 (alleging conspiracy to conceal corporate income from the State of New York and the State of New Jersey); ¶ 27 (alleging operation of "an illegal interstate gambling business"); ¶ 29 (alleging breach of fiduciary duty to Bal "by converting funds from the plaintiff's account"). Bal's factual allegations against the ITEX Defendants are so vague and ambiguous as to render them unintelligible.

The ITEX Defendants acknowledge that "a document filed *pro se* is to be liberally construed" by this Court. *Akande v. U.S. Postal Serv.*, No. 12 Civ. 6034(CM), 2013 WL 587204 at *1 (S.D.N.Y. Feb. 13, 2013) (McMahon, J.) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, as this Court recognized in *Akande*, a defendant is entitled to a more definite statement from a *pro se* plaintiff where, "[d]espite the Court's liberal reading," the *pro se* complaint suffers from "excessive vagueness and unintelligibility." *Id.* at *3. A motion pursuant to Fed. R. Civ. P. 12(e) should be granted where "the complaint is so excessively vague

1

and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Kok v. First Unum Life Ins. Co.*, 154 F. Supp. 2d 777, 781–82 (S.D.N.Y. 2001) (McMahon, J.) (*quoting ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35, 68 (S.D.N.Y. 1999)).

Bal's complaint fails to include allegations that give the ITEX Defendants sufficient notice of the particular claim or claims being asserted against them to allow the ITEX Defendants to submit an appropriate response, whether in the form of an answer or a motion to dismiss. It is quite likely that none of Bal's allegations are sufficient to state a claim upon which relief can be granted, and/or that his claims must be dismissed for lack of subject-matter or personal jurisdiction, or due to some other defense such as lack of standing. The ITEX Defendants should not be required to guess at what wrongdoing Bal is accusing them of conducting. Accordingly, the ITEX Defendants respectfully request that the Court order Bal to file a more definite statement that delineates the specific causes of action against each or all of the ITEX Defendants, and specifies the factual basis for each one.

## FACTUAL BACKGROUND

Bal's dispute with the ITEX Defendants has a tortured history, only a partial recitation of which is set forth below.[1]

---

[1] The following summary of the procedural history of the State Court Action (defined below) does not account for Bal's numerous unsuccessful motions to reargue, motions to renew, motions for sanctions, letters, and grievances to the disciplinary committee, including grievances brought against an attorney from this law firm and the Hon. Debra A. James who presides over the State Court Action. Bal's vexatious conduct in litigation has been recognized by several courts. *See, e.g., Bal v. Flaherty*, 10 Misc. 3d 1059(A), 2004 WL 3621888 (N.Y. Civ. Ct. July 16, 2004) (barring Bal from filing any more small claim actions without leave of court in light of Bal's use of "the Small Claims Court as a tactical battleground to the detriment of the people he sues," 2004 WL 3621888 at *5); *see also Bal v. Hughes*, No. 92 Civ. 5453(JFK), 1995 WL 675483 at *1 (S.D.N.Y. Nov. 13, 1995) (denying Bal's motion for leave to submit a third amended complaint, finding that "[t]he amendment is frivolous insofar as the proposed defendants add nothing to the determination of the merits of this action other than additional expense and delay").

## A. State Court Action

For more than six years, Bal and Mergent Services, a sole proprietorship purportedly owned by Bal, have pursued claims alleging breach of contract and embezzlement against ITEX and other defendants in the Supreme Court for the State of New York, County of New York (the "State Court") (the "State Court Action"). *See* Complaint at ¶¶ 25–57, 70–75, *Mergent Servs. v. ITEX Corp.*, No. 07/601777 (N.Y. Sup. Ct. May 25, 2007) (Goldman Decl., Ex. B). In the State Court Action, Bal alleges that he maintained an account with ITEX, which is a barter exchange marketplace. *See id.* ¶¶ 2, 7, 33. Bal claims that he paid funds into his ITEX account to exchange for advertising services, but that the services were never delivered. *Id.* ¶¶ 7, 14–19, 33, 40–45.

Bal's claims against ITEX were dismissed by the State Court in 2008 in light of an arbitration agreement entered into between ITEX and Bal as part of the ITEX membership application and agreement. *See* Judgment and Order at 4, *Mergent Servs.*, No. 07/601777 (Jan. 14, 2008) (Goldman Decl., Ex. C). Bal failed to arbitrate his claims against ITEX, choosing instead to continue the battle in the State Court. *See* Affirmation of Jeremy S. Goldman in Support of Motion of ITEX Corporation for Leave to Reargue at ¶¶ 6–7, *Mergent Servs.*, No. 07/601777 (Dec. 1, 2011) (Goldman Decl., Ex. D). In 2011, the State Court restored the State Court Action, erroneously finding that ITEX had waived its right to arbitrate. *See* Order at 1–2, 4–7, *Mergent Servs.*, No. 07/601777 (Nov. 17, 2011) (Goldman Decl., Ex. E).

In March 2013, the State Court reinstated its dismissal of the claims against ITEX, concluding that the Court had misapprehended the facts in its prior order (ITEX was not named in Bal's claim for arbitration brought in August 2009, so ITEX could not have waived its right to arbitrate), and that ITEX had a right to enforce its arbitration agreement with Bal. *See* Order at 1–2, *Mergent Servs.*, No. 07/601777 (Mar. 26, 2013) (Goldman Decl., Ex. F). In May 2013, Bal

filed a motion for leave to reargue the State Court's March 26, 2013 order, which motion remains pending before the State Court.

**B. Instant Action**

On September 24, 2013, Bal commenced an action in this Court (the "Instant Action") against the ITEX Defendants and ten other named defendants, along with a petition for a writ of mandamus against three additional defendants. *See* Verified Complaint (Goldman Decl., Ex. A).[2]

Bal's Verified Complaint asserts multiple claims against the ITEX Defendants, including breach of contract and embezzlement claims that appear to be identical to the claims against ITEX that were dismissed in the State Court Action. *See id.* ¶¶ 21–47. However, the Verified Complaint contains a host of new allegations as well.

Bal first asserts that he is a "de jure private citizen of the United States of America," *see id.* ¶ 3, apparently to reconcile his appearance before this Court with his alleged status as a "nontaxpayer." *See id.* ¶ 3 n.1. It is unclear whether Bal alleges that his citizenship somehow bears upon his purported status as "a current shareholder" and "former member" of ITEX.

In his "First Cause of Action" against the ITEX Defendants and defendants John Castoro ("Castoro"), Izzy Garcia ("Garcia"), and NYTO Trade Incorporated ("NYTO"), Bal begins by claiming that ITEX, Castoro, and Garcia "breached contracts to provide plaintiff with $56,560 [sic] of advertising," for which Bal claims to have suffered a loss of the $56,650 that he allegedly

---

[2] On October 18, 2013, this Court dismissed Bal's claims against defendants the State of New York; the State of New Jersey; the U.S. Securities and Exchange Commission; the Law Office of Frankfurt Kurnit Klein & Selz, P.C.; Cameron Myler; Jeremy Goldman; the Law Office of Joseph Maira; Joseph Maira; and Soma Syed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Order of Service at 4–7, 9, *Bal v. ITEX Corp.*, No. 13 CV 6794 (CM) (S.D.N.Y. Oct. 18, 2013) (Goldman Decl., Ex. G). The Court also dismissed Bal's claim against defendant Daily News for lack of subject-matter jurisdiction. *Id.* at 7–9.

paid to these three defendants, as well as lost profits in the amount of $580,000. *Id.* at 7, ¶ 22. Because Bal fails to allege any specific dates or facts pertaining to the underlying transactions, it is unclear whether he is attempting to re-litigate the alleged breaches of contract for advertising services upon which he sued in the State Court Action, or whether he is alleging a distinct series of contractual breaches. *Id.* While the amount of actual breach-of-contract damages that Bal claims to have suffered in the Verified Complaint is identical to an amount of loss he alleged in the course of the State Court Action, Bal's claimed loss of profit in the Verified Complaint is more than twice as much as he alleged in the State Court Action. *Compare id.* ¶ 22, *with* Order at 2, *Mergent Servs.*, No. 07/601777 (Nov. 17, 2011) (Goldman Decl., Ex. E) (noting Bal's allegations against Castoro of "converting $56,650 of funds in plaintiff's trading account"), *and* Complaint at ¶¶ 29, 48, 56, *Mergent Servs.*, No. 07/601777 (May 25, 2007) (Goldman Decl., Ex. B) (alleging an estimated $225,000 in lost-profit damages). In the Verified Complaint, Bal provides no facts to support his assertions of (i) the ITEX Defendants' breach of contract, (ii) which of the ITEX Defendants are responsible for what conduct, or (iii) the injuries Bal allegedly suffered. *See* Verified Complaint (Goldman Decl., Ex. A) ¶ 22.

Bal also appears to claim that the ITEX Defendants, along with Castoro, Garcia, and NYTO, each "breached contracts to provide plaintiff with goods and services." *See id.* ¶ 30. It is unclear whether Bal is restating his allegations concerning the alleged advertising agreements, or whether he is claiming additional breaches of contract. Bal pleads no facts as to the nature of these alleged "goods and services" contracts; nor does he include a separate demand for relief as to these allegations. *See id.* at 13 (Prayer for Relief).

Bal makes a number of allegations regarding conspiratorial and illegal conduct on the part of the ITEX Defendants during ITEX's appearance before the State Court. *Id.* ¶¶ 23, 24, 47. However, the Verified Complaint is devoid of particular facts as to how the ITEX Defendants

5

conspired to conceal or misrepresent facts in the State Court Action. *See id.* Apart from an allegation that Benson "made false sworn statements and submitted a fraudulent accounting document" to the State Court, *id.* ¶ 47, it is unclear from the Verified Complaint (i) what particular wrongdoing the ITEX Defendants allegedly committed, (ii) how Bal was harmed by the alleged misconduct, (iii) what causes of action Bal is asserting in connection with the alleged wrongdoing, or (iv) whether the alleged misconduct was already litigated in the State Court Action.

Bal further alleges in the "First Cause of Action": a conspiracy between the ITEX Defendants, NYTO, Castoro, and Garcia to "conceal millions of dollars of income from the State of New York," *id.* ¶ 25; ITEX's concealment of "millions of dollars of income from the State of New Jersey," *id.* ¶ 26; the operation of "an illegal interstate gambling business" by ITEX, White, NYTO, and Castoro, *id.* ¶ 27; the unauthorized self-dealing by White, Wade, and Best of more than $1 million in cash and shares of ITEX stock as directors of ITEX, *id.* ¶ 32–33; the negligent failure by White, Wade, and Best to report $200 million in income to federal, state, and local tax authorities, *id.* ¶¶ 34–36; and the perpetuation of conflicts of interest between ITEX and NYTO and their "members," *id.* ¶¶ 37–38. However, apart from alleging that he is a shareholder and former "member" of ITEX, Bal provides no factual or legal basis for how he was harmed by these alleged activities, or for how he has standing to seek relief from this Court. Indeed, it is entirely unclear what Bal is alleging. *See id.* ¶¶ 3, 21, 28, 29, 32, 35, 37. Bal provides no details with regard to the circumstances of any of these alleged breaches. *See id.* ¶¶ 25–38. Nor does Bal provide any detail with regard to how the alleged misconduct injured him personally, other than in the vaguest of terms. *See, e.g., id.* ¶ 31 (alleging that the contractual and fiduciary breaches of the ITEX Defendants, Castoro, Garcia, and NYTO have together "harmed plaintiff in excess of $75,000").

While Bal accuses ITEX of embezzling $1686.58 from his ITEX account, he only offers general allegations as to how this purported unauthorized withholding of funds arose. *See id.* ¶¶ 39–43. It is unclear which of ITEX's allegedly improper "procedures," if any, are purported by Bal to have led to the misappropriation of his funds. *Id.* ¶¶ 39, 39–43. And again, it is unclear whether Bal is seeking to relitigate his claims asserted in the State Court Action.

Finally, Bal alleges that ITEX refused to provide him with the contact information of ITEX shareholders, in violation of Rule 14a–7 of the Securities Exchange Act of 1934. *Id.* ¶ 44; *see* 17 C.F.R. § 240.14a–7(a)(2)(ii). Beyond asserting that he is an ITEX shareholder, Bal has provided no facts with regard to why he is entitled to a cause of action under this regulation. *See* Verified Complaint (Goldman Decl. Ex. A) ¶ 44. Bal provides no details with regard to any proxy solicitation that ITEX—as the would-be alleged "registrant" or "issuer" of ITEX shares, *see* 17 C.F.R. § 240.14a–1(j)—made or intended to make "in connection with a security holder meeting or action by consent or authorization," which may have entitled a requesting shareholder to the contact information of fellow ITEX shareholders. 17 C.F.R. §§ 240.14a–7(a), (a)(2)(ii); *see* Verified Complaint (Goldman Decl. Ex. A) ¶ 44.

## ARGUMENT

### POINT I

### BAL'S CLAIMS ARE SO JUMBLED, AND SO "BEREFT" OF FACTUAL SUPPORT, THAT HIS VERIFIED COMPLAINT IS UNINTELLIGIBLE

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Each cause of action must state a claim for relief that is "plausible on its face," as mandated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These cases hold that Rule 8 "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Williams v. Calderoni*, No. 11 Civ. 3020(CM), 2012 WL 691832 at *6 (S.D.N.Y. Mar. 1, 2012) (McMahon, J.) ("The Court's solicitousness toward *pro se* plaintiffs does not extend to accepting implausible allegations or legal conclusions expressed as facts.").

Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Id.* This Court has observed that a Rule 12(e) motion should be granted where "the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *See Kok v. First Unum Life Ins. Co.*, 154 F. Supp. 2d 777, 781–82 (S.D.N.Y. 2001) (McMahon, J.) (*quoting ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35, 68 (S.D.N.Y. 1999)). *See also Tom Kelley Studios Inc. v. Int'l Collectors Soc'y Inc.*, No. 97 Civ. 0056(WK), 1997 WL 598461 at *1 (S.D.N.Y. Sept. 25, 1997) (granting defendants' motion pursuant to Fed. R. Civ. P. 12(e) and ordering plaintiffs to file a more specific complaint alleging all of their claims "in satisfaction of Federal Rule of Civil Procedure 8(a)").

The ITEX Defendants recognize that, as this Court has held, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Akande v. U.S. Postal Serv.*, No. 12 Civ. 6034(CM), 2013 WL 587204 at *1 (*quoting Erickson*, 551 U.S. at 94). "A court must interpret pro se filings 'to raise the strongest arguments that they suggest.'" *Id.* (*quoting Harris v. Westchester Cnty. Med. Ctr.*, No. 08 Civ. 1128(RJH), 2011 WL 2637429 at *3 (S.D.N.Y. July 6, 2011)).

Nevertheless, this Court has ordered a *pro se* plaintiff to submit an amended complaint pursuant to Fed. R. Civ. P. 12(e) where the plaintiff submitted "a mere three lines of 'excessively vague' description of the nature of [a] motor vehicle accident, the basis of the claim and the scope of the injuries sustained." *Akande*, 2013 WL 587204 at *3. In *Akande*, the plaintiff's pleading was so "bereft of any detail with regard to the [underlying] accident" that this Court deemed the complaint unintelligible. *Id.*

While Bal's Verified Complaint extends for 16 pages, it suffers from the same "excessive vagueness and unintelligibility" as the complaint in *Akande*. *Id.*; *see also* Verified Complaint (Goldman Decl. Ex. A). *First*, the Verified Complaint jumbles together so many apparent causes of action against each and all of the ITEX Defendants that the ITEX Defendants would suffer serious prejudice if they attempted to move to dismiss any of Bal's claims under Fed. R. Civ. P. 12(b)(6), much less attempt to frame a response to Bal's allegations. As the Verified Complaint currently reads, the ITEX Defendants cannot discern which factual allegations, to the extent there are any, relate to which apparent causes of action. The ITEX Defendants would be forced to guess at what Bal is trying to claim, rather than responding to any actual claims.

*Second*, Bal's allegations are "bereft" of detail with regard to the factual predicates for each of his claims. Although it expressly alleges a single "cause of action" against the ITEX Defendants, the Verified Complaint appears to contain at least eight "categories" of allegations against these defendants, including breach of contract, breach of fiduciary duty, conversion, tax fraud, operation of an illegal gambling business, embezzlement, violation of the Securities Exchange Act of 1934, and commission of fraud upon the State Court. *See* Verified Complaint (Goldman Decl. Ex. A) at 7, ¶¶ 21–47. However, the Verified Complaint largely presents a series of conclusory allegations, with no notice of the facts underlying the allegations or the legal basis for any claim. *See, e.g., id.* ¶¶ 22, 27, 29, 47.

9

Because of the "excessive vagueness and unintelligibility" of Bal's claims against them, the ITEX Defendants are entitled to a more definite statement of the facts underpinning each and every one of Bal's claims, specifying: (i) the specific actions or inactions by each of the ITEX Defendants that are complained of, (ii) the nature of the claim or claims being asserted, and (iii) the harm caused to Bal thereby.

## CONCLUSION

For the foregoing reasons, the ITEX Defendants respectfully request that this Court enter an Order: (i) granting their motion for a more definite statement; and (ii) for such other and further relief as the Court deems proper.

Dated: New York, New York
       December 20, 2013

    FRANKFURT KURNIT KLEIN & SELZ, P.C.

By:     /S/ Jeremy S. Goldman
       Edward H. Rosenthal
       Jeremy S. Goldman

488 Madison Avenue, 10th Floor
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
Email: erosenthal@fkks.com
       jgoldman@fkks.com

*Attorneys for Defendants*
*ITEX Corporation, Steven White, John Wade,*
*Eric Best, and Robert Benson*