UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
JOHN ANDRIES BAL, JR.,

                Plaintiff,

  -against-                                    Case No.: 13 CV 6794 (CM)

ITEX CORPORATION, STEVEN WHITE,
JOHN WADE, ERIC BEST,
ROBERT BENSON, NYTO TRADE
INCORPORATED also known as NYTO TRADE
INCORPORATION, JOHN CASTORO, and
IZZY GARCIA,
                       Defendants.
------------------------------------- X

## DECLARATION OF JEREMY S. GOLDMAN IN SUPPORT OF THE ITEX DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

I, JEREMY S. GOLDMAN, declare as follows:

1. I am counsel at the law firm Frankfurt Kurnit Klein & Selz, P.C., attorneys for defendants ITEX Corporation ("ITEX"), Steven White, John Wade, Eric Best, and Robert Benson (collectively, the "ITEX Defendants") in the above-captioned action (the "Instant Action"). I am admitted to practice in this Court.

**Mr. Bal's Abusive Litigation Tactics**

2. Since approximately March 2008, I have represented ITEX in the action styled *Mergent Services v. ITEX Corp.*, No. 07/601777 (N.Y. Sup. Ct.) (the "State Court Action"). In the course of that representation, I personally have witnessed and been subject to the abusive litigation tactics of *pro se* plaintiff John Bal. While the present motion before this Court is narrowly tailored to address the fundamental legal deficiencies of this largely-duplicative action, I felt compelled to advise this Court, at the outset of this new litigation, of my unfortunate

experience litigating against Mr. Bal and to disclose the basis for Mr. Bal's notorious reputation as a vexatious litigant in the federal and state courts.

3. When I first appeared in the State Court Action, I learned that Mr. Bal had reported my former colleague, Cameron Myler, to the grievance committee. The complaint? Ms. Myler had served the Notice of Entry upon Mr. Bal by First Class Mail, as mandated by New York's Civil Practice Law and Rules. Mr. Bal, the plaintiff in the action, happened to be in Thailand when the notice was served, and sought to penalize Ms. Myler for his untimely appeal. Ms. Myler was cleared of any wrongdoing in connection with Mr. Bal's complaint.

4. In addition, it has come to my attention that, over the past twenty years, Bal has habitually brought meritless and redundant *pro se* claims in New York state and federal courts. For example, in *Bal v. Flaherty*, 10 Misc. 3d 1059(A) (N.Y. City Civ. Ct. July 16, 2004), *aff'd*, 10 Misc.3d 126(A) (N.Y. Supp. App. Term Nov. 21, 2005), a Small Claims court dismissed Bal's claims with prejudice and further required him to seek permission before being permitted to bring any other action in that court, finding that Bal "uses the Small Claims Court as a tactical battleground to the detriment of the people he sues." *Id.* at *5. Nevertheless, Bal proceeded to re-frame the same meritless claim as a *qui tam* action in this Court. *See U.S. ex. rel. Mergent Services v. Flaherty*, 2006 WL 880044, at *1 (S.D.N.Y. Apr. 6, 2006) (Baer, J.) (dismissing complaint, noting existence of "scores of other *pro se* action that Bal has filed in state and federal courts" and stating it was "sorely tempted" to enjoin Bal from commencing further actions), *aff'd*, 540 F.3d 89 (2d Cir. 2008).[1]

---

[1] *See also, e.g., Bal v. Hughes*, 1998 WL 43129 (S.D.N.Y. Feb. 2, 1998) (Keenan, J.) (after dismissing other claims and denying motion to file third amended complaint as "frivolous" in prior opinions, granting summary judgment to defendant on Bal's remaining claim, noting that Bal's previous representations regarding the claim were "patently false"), *aff'd*, 166 F.3d 1199 (2d Cir. 1998); *Bal v. Sinyavski*, 8 Misc.3d 128(A) (N.Y. Sup. App. Term June 30, 2005) (affirming judgment against Bal, noting court's "stated concerns over the 'compromised' nature

5. We respectfully request that, in presiding over this action, the Court exercise its inherent judicial powers to protect the attorneys, the parties, the State, and the Court itself from Mr. Bal's unfortunate misuse of the judicial process.

**Exhibits**

6. I also submit this declaration to provide the Court true and correct copies of the following documents, which are attached hereto as exhibits. These documents are referenced in the ITEX Defendants' accompanying memorandum of law.

Exhibit A.  Complaint of plaintiffs Mergent Services and John Bal in the State Court Action, dated May 25, 2007.

Exhibit B.  Judgment and Order of the Supreme Court of the State of New York, County of New York (the "State Court"), granting defendant ITEX Corporation's cross-motion to dismiss plaintiffs' complaint in the State Court Action, dated January 14, 2008. (Note: The State Court inadvertently listed the year of its Judgment and Order of January 14 as 2007.)

Exhibit C.  Order of the State Court, denying Bal's motion for leave to reargue the January 14, 2008 Judgment and Order granting defendant ITEX Corporation's cross-motion to dismiss plaintiffs' complaint, dated January 26, 2009.

Exhibit D.  Order of the Appellate Division of the Supreme Court of the State of New York, First Department (the "First Department") granting defendant-respondent ITEX

---

of [Bal's] credibility"); *Mergent Services v. Nova Information Systems, Inc.*, 2006 WL 148915 (S.D.N.Y Jan. 12, 2006) (Wood, J.) (granting summary judgment on breach of contract claim brought by Bal and Mergent Services against credit card processing service), *aff'd*, 249 F. App'x 251 (2d Cir. 2007); *Bal v. City of New York*, 1995 WL 46700 (S.D.N.Y. Feb. 7, 1995) (Martin, J.) (dismissing action brought under 42 U.S.C. § 1983 arising from related state court action), *aff'd*, 99 F.3d 402 (2d Cir. 1995).

| | |
|---|---|
| | Corporation's motion for dismissal of plaintiff-appellants' appeal of the January 14, 2008 Judgment and Order, dated May 22, 2008. |
| Exhibit E. | Order of the First Department denying plaintiff-appellants' motion for reinstatement of their appeal of the January 14, 2008 Judgment and Order, dated August 26, 2008. |
| Exhibit F. | Order of the State Court, vacating its January 14, 2008 Judgment and Order granting defendant ITEX Corporation's cross-motion to dismiss plaintiffs' complaint, and reinstating the complaint in the State Court Action, dated November 17, 2011. |
| Exhibit G. | Order of the State Court, reinstating its January 14, 2008 dismissal of plaintiffs' complaint against defendant ITEX Corporation in the State Court Action, dated March 26, 2013. |
| Exhibit H | Order of the State Court, dated February 24, 2014, denying Bal's motion seeking recusal, granting Bal's motion seeking reargument of the State Court's order dated March 26, 2013, and adhering to original decision of the March 26, 2013 order. |
| Exhibit I | Bal's Notice of Appeal of the State Court's February 24, 2014 Order, dated March 17, 2014. |
| Exhibit J | New York Certificate of Incorporation of eBuy-Sell.com, Inc. |
| Exhibit K | This Court's Order of Service in the Instant Action, dated October 18, 2013. |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 9, 2014

                                                _____
                                                  JEREMY S. GOLDMAN