SCANNED ON 5/29/2007

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x      Index No.

MERGENT SERVICES and JOHN BAL,

            Plaintiffs,

    -against-

ITEX CORPORATION, NYTO
TRADE INCORPORATION,
JOHN CASTORO, personally
and in the capacity of
President and CEO, IZZY
GARCIA, personally and in the
capacity of Manager, CORAL
HOMOKI, Trade Director,
MICHAEL MARICH, Trade
Director, JESSICA TAVERAS,
Trade Director, and NEW
YORK DAILY NEWS,

            Defendants.

------------------------------------------------------------x

**SUMMONS**

07601777

Date Index Number purchased
May 25, 2007



FILED MAY 25 2007 NEW YORK CTY CLERKS OFFICE

To the Persons Named as Defendants above:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiffs herein and to serve a copy of your answer on the plaintiffs at the address indicated below within twenty (20) days after service of this Summons (not counting the day of service itself), or within thirty (30) days after service is complete if the Summons is not delivered personally to you within the State of New York.

    YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: May 25, 2007
       New York, New York

*[signature: John Bal]*

John Bal
85 Kenmare Street #35
New York, New York 10012
(212) 966-7576

To Defendants:

    Itex Corporation, 3326 160th Ave SE, Suite 100, Bellevue, WA 98008-3418
    NYTO Trade Incorporation, 305 Madison Avenue, Suite 449, NY, NY 10165
    John Castoro, c/o NYTO, 305 Madison Avenue, Suite 449, New York, NY 10165
    Izzy Garcia, c/o NYTO, 1103 Westfield Avenue, Rahway, NJ 07065
    Coral Homoki, c/o NYTO, 1103 Westfield Avenue, Rahway, NJ 07065
    Michael Marish, c/o NYTO, 1103 Westfield Avenue, Rahway, NJ 07065
    Jessica Taveras, c/o NYTO, 1103 Westfield Avenue, Rahway, NJ 07065
    New York Daily News, 450 W. 33 Street, New York, NY 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
                                              Index No.

MERGENT SERVICES and JOHN BAL,

               Plaintiffs,

                                              **COMPLAINT.**    07601777

   -against-

ITEX CORPORATION, NYTO
TRADE INCORPORATION,
JOHN CASTORO, personally
and in the capacity of
President and CEO, IZZY
GARCIA, personally and in the
capacity of Manager, CORAL
HOMOKI, Trade Director,
MICHAEL MARICH, Trade
Director, JESSICA TAVERAS,
Trade Director, and NEW
YORK DAILY NEWS,                                  Jury Trial Demanded

               Defendants.
-----------------------------------------------------------x


FILED
MAY 25 2007
NEW YORK
COUNTY CLERK'S

TO THE SUPREME COURT OF THE STATE OF NEW YORK

     The complaint of the plaintiffs, Mergent Services and John Bal, respectfully shows and alleges as follows:

### THE PARTIES

1. Plaintiff John Bal ("Bal") is the owner of Mergent Services, a sole proprietorship. Bal resides within the County of New York, City and State of New York.

1

2. Defendant Itex Corporation ("Itex") is a barter exchange company that has a principal place of business located at 3326 160th Ave SE, Suite 100, Bellevue, WA 98008-3418. Itex conducts business within New York State. Itex is one of the largest barter companies in the world.

3. Defendant NYTO Trade Incorporation ("NYTO") is a barter exchange company and a franchise of Itex. NYTO has a principal place of business located at 305 Madison Avenue, Suite 449, New York, NY 10165.

4. Defendant John Castoro ("Castoro"), President and CEO of NYTO, has a principal place of business located at 305 Madison Avenue, Suite 449, New York, NY 10165.

5. Defendants Izzy Garcia ("Garcia"), Manager, Coral Homoki ("Homoki"), Trade Director, Jessica Taveras ("Taveras"), Trade Director, and Michael Marich ("Marich"), Trade Director, are employees of NYTO and conduct business within New York State. Their work location is a NYTO branch office located at 1103 Westfield Avenue, Rahway, NJ 07065.

6. Defendant New York Daily News ("Daily News") is a daily news publication with a principal place of business located at 450 W. 33rd Street, New York, NY 10001.

2

Supreme Court Records OnLine Library - page 4 of 16

## FIRST CAUSE OF ACTION FOR
## BREACH OF CONTRACT AGAINST DAILY NEWS

7. On December 26, 2002, Bal purchased $24,000 of advertising from Daily News (Exhibit A). Accordingly, $24,000 was deducted from Bal's Itex account (Exhibit B).

8. Garcia, NYTO's Manager, brokered this transaction and Itex received a $720 commission (Exhibit B).

9. Bal worked hard to accumulate the $24,000 (and the $31,000 described in the second cause of action described below) that was in his Itex account so that he would have enough advertising to launch a new business.

10. Because Bal did not have products ready to advertise at the time he purchased this advertising, Garcia, NYTO's Manager, persuaded Bal to make this purchase by assuring him the advertising could be used in the future at dates to be determined by Bal.

11. Garcia stated to Bal the $24,000 would be kept in an advertising account designated for Bal to make withdrawals from as he needed.

12. In reliance upon this agreement, Bal made several trips to Thailand to establish contacts with gem merchants and jewelry contractors.

13. As a result of traveling back and forth to Thailand, Bal designed twenty-two (22) necklaces and produced a total of seven hundred twenty seven (727) necklaces.

3

Supreme Court Records OnLine Library - page 5 of 16

14. On April 13, 2007, five (5) weeks ago, Bal notified Garcia that he wanted to use the $24,000 of Daily News advertising (and the $31,000 described in the second cause of action below) to promote his necklaces.

15. Garcia stated that he did not know anything about Bal's purchase of this $24,000 of advertising (or the additional $31,000 described in the second cause of action below) that Garcia, himself, brokered.

16. Garcia referred Bal to John Castoro ("Castoro"), NYTO's President and CEO. Castoro also claimed that he did not know anything about Bal's $24,000 purchase of advertising (or the additional $31,000 described in the second cause of action below).

17. Bal provided Garcia with a copy of Itex's document that showed Bal purchased $24,000 of Daily News advertising (Exhibit B).

18. Despite providing this document, Castoro and Garcia refused to provide Bal with the information necessary to access the $24,000 that is in Bal's advertising account.

19. Castoro and Garcia stopped responding to Bal's emails when Bal asked for information about the advertising account Garcia stated he set up for Bal.

20. Due to Castro's and Garcia's lack of cooperation, Bal contacted Daily News about his $24,000 purchase of Daily News advertising.

21. Larry Marcus ("Marcus"), Chief Counsel for the Daily News, stated there was "no record" of Daily News receiving the $24,000 from Itex.

22. If Marcus is *in*correct and Itex forwarded the $24,000 to Daily News, Daily News breached a contract to provide Bal with advertising.

4

23. Bal estimates his lost profits due to Daily News' breach of contract is $225,000.

24. Accordingly, Bal demands from the Daily News $225,000 in lost profits, a refund of the $24,000 that Bal paid for the advertising, plus the applicable interest.

### IN THE ALTERNATE, UPON INFORMATION AND BELIEF, BAL CLAIMS ITEX, NYTO, CASTORO, AND GARCIA ACTED IN CONCERT TO EMBEZZLE $24,000 FROM HIM

25. If Itex *did not* forward the $24,000 to Daily News; Itex embezzled $24,000 of Bal's funds

26. In furtherance of this embezzlement, Itex provided Bal with a fraudulent accounting statement that falsely indicated that Itex paid the $24,000 to Daily News (Exhibit B).

27. Bal joined Itex because of its Co-Op advertising program.

28. The Itex Co-Op adverting program reimburses Bal 50% of his cost of advertising. Consequently, the actual value of the $24,000, after three advertising cycles, is $45,000.

29. Bal estimates his lost profits due to Itex's breach of contract is $225,000.

30. Itex, NYTO, Castoro, and Garcia had a fiduciary duty to Bal.

31. Upon information and belief, Itex, NYTO, Castoro, and Garcia acted in concert to embezzle $24,000 from Bal's Itex account.

5

Supreme Court Records OnLine Library - page 7 of 16

32. Accordingly, Bal demands from Itex, NYTO, Castoro and Garcia $225,000 in lost profits, $45,000, the value of the advertising that Bal paid for, $720 for the return of commission that Bal paid, plus the applicable interest.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT
## AGAINST ITEX, NYTO, CASTORO, AND GARCIA

33. On November 21, 2003, Bal purchased $25,000 of advertising from Itex (Exhibit C) and, on December 13, 2004, purchased an additional $6,000 of advertising from Itex (Exhibit D). Both purchased totaled $31,000.

34. Garcia, NYTO's Manager, brokered both transactions and Itex received a $930 commission (Exhibits C and D).

35. Bal worked hard to accumulate the $31,000 (and the $24,000 described in the first cause of action above), that was in his Itex account so that he would have enough advertising to launch a new business.

36. Because Bal did not have products ready to advertise at the time he purchased this advertising, Garcia, NYTO's Manager, persuaded Bal to make this purchase by assuring him the advertising could be used in the future at dates to be determined by Bal.

37. Garcia stated to Bal the $31,000 would be kept in an advertising account designated for Bal to make withdrawals from as he needed.

38. In reliance upon this agreement, Bal made several trips to Thailand to establish contacts with gem merchants and jewelry contractors.

6

Supreme Court Records OnLine Library - page 8 of 16

39. As a result of traveling back and forth to Thailand, Bal designed twenty-two (22) necklaces and produced a total of seven hundred twenty seven (727) necklaces.

40. On April 13, 2007, five (5) weeks ago, Bal notified Garcia that he wanted to use the $31,000 of advertising (and the $24,000 described in the first cause of action above) to promote his necklaces.

41. Garcia stated that he did not know anything about Bal's purchase of this $31,000 of advertising (or the additional $24,000 described in the first cause of action above) that Garcia, himself, brokered.

42. Garcia referred Bal to John Castoro ("Castoro"), NYTO's President and CEO. Castoro also claimed that he did not know anything about Bal's $31,000 purchase of advertising (or the $24,000 described in the first cause of action above).

43. Bal provided Garcia with copies of Itex's documents that showed Bal purchased $31,000 of advertising from Itex (Exhibits C and D).

44. Despite providing these documents, Castoro and Garcia refused to provide Bal with the information necessary to access the $31,000 that is in Bal's advertising account.

45. Castoro and Garcia stopped responding to Bal's emails when Bal asked for information about the advertising account Garcia stated he set up for Bal.

46. Bal joined Itex because of its Co-Op advertising program.

7

47. The Itex Co-Op adverting program reimburses Bal 50% of his cost of advertising. Consequently, the actual value of the $31,000, after three advertising cycles, is $52,875.

48. Bal estimates his lost profits due to Itex's, NYTO's, Castoro's, and Garcia's breach of contract is $225,000.

49. Accordingly, Bal demands from Itex, NYTO, Castoro and Garcia $225,000 in lost profits, $52,875, the value of the advertising that Bal paid for, $930 for the return of the commission that Bal paid, plus the applicable interest.

### IN THE ALTERNATE, UPON INFORMATION AND BELIEF, BAL CLAIMS ITEX, NYTO, CASTORO, AND GARCIA ACTED IN CONCERT TO EMBEZZLE $31,000 FROM HIM

50. Itex took $31,000 from Bal's Itex account (Exhibits C and D).

51. Itex, NYTO, Castoro, and Garcia had a fiduciary duty to Bal.

52. If Itex took $31,000 of Bal's funds and did not create an advertising account for him, Itex, NYTO, Castoro, and Garcia acted in concert to embezzled $31,000 from Bal.

53. In furtherance of the embezzlement, Itex provided Bal with fraudulent accounting statements that falsely indicated that Itex paid $31,000 into an advertising account for Bal (Exhibit C and D).

54. Bal joined Itex because of its Co-Op advertising program.

8

55. The Itex Co-Op adverting program reimburses Bal 50% of his cost of advertising. Consequently, the actual value of the $31,000, after three advertising cycles, is $52,875.

56. Bal estimates his lost profits due to Itex's, NYTO's, Castoro's, and Garcia's breach of contract is $225,000.

57. Accordingly, Bal demands from Itex, NYTO, Castoro and Garcia $225,000 in lost profits, $52,875, the value of the advertising that Bal paid for, $930 for return of the commission that Bal paid, plus the applicable interest.

### THIRD CAUSE OF ACTION FOR BREACH OF AGREEMENT AGAINST DEFENDANTS NYTO, CASTORO, HOMOKI, AND MARICH

58. About February 2005, Homoki, Trade Director for NYTO, and, subsequently, Marich, Trade Director for NYTO, offered to promote, sell, and collect the applicable taxes and shipping charges on two (2) styles of Bal's necklaces.

59. This presented a limited marketing test for Bal's necklaces.

60. Bal accepted Homoki's offer and, subsequently, Marich's offer to promote, sell, and collect the applicable taxes and shipping charges on their sales of Bal's necklaces.

61. As agreed, NYTO collected the applicable taxes and shipping charges on the sale of Bal's necklaces.

9

62. In keeping with this agreement, NYTO forwarded check no. 94 to Bal in the amount of $380.86, dated March 24, 2005, for the applicable taxes and shipping charges that were due to Bal.

63. Subsequently, Homoki and Marich made additional sales of Bal's necklaces. The applicable taxes and shipping charges due to Bal from these subsequent sales are $841.83.

64. Bal made a request to Garcia, NYTO's Manager, for the $841.83. Garcia refused.

65. Garcia stated he knew nothing about the agreement that Homoki and Marich made with Bal to collect the applicable sales and shipping charges. Garcia referred me to Castoro.

66. Bal contacted Castoro, NYTO's President and CEO. Castoro refused to pay the $841.83 that was due to Bal.

67. Castoro falsely stated that NYTO "never" collects the taxes and shipping charges on the sales made by NYTO employees.

68. When Bal presented Castoro with evidence that NYTO employees Homoki and Marich regularly collected the applicable sales and shipping charges on the sale of Bal's necklaces (see paragraph numbered 62 above), Castoro repeated his refusal to pay Bal the $841.83.

69. Accordingly, Bal demands breach of agreement damages in the amount of $841.83 from NYTO, Castoro, Garcia, Homoki, and Marich.

10

## FOURTH CAUSE OF ACTION FOR BREACH OF AGREEMENT AGAINST ITEX, NYTO, GARCIA, HOMOKI, AND TAVERAS

70. Bal's membership in Itex and NYTO included his ability to purchase restaurant gift certificates.

71. During Bal's membership, Bal made many requests to Garcia, Homoki, and Taveras for restaurant gift certificates.

72. Although some restaurant gift certificates were provided, most of Bal's requests were denied.

73. Itex's and NYTO's method of distributing restaurant gift certificates unfairly excludes Bal.

74. As a result, Itex, NYTO, Garcia, Homoki, and Taveras have breached an agreement with Bal to allow him to equally participate in the distribution of restaurant gift certificates.

75. Bal respectfully asks the Court for an Order directing Itex, NYTO, Garcia, Homoki, and Taveras to equally distribute restaurant gift certificates to Bal and all other NYTO members that desire restaurant gift certificates.

11

## DAMAGES

**WHEREFORE**, Bal respectfully demands the follow awards:

First Cause of Action against Daily News:

|  |  |
|---|---|
| Refund of advertising | $24,000 |
| Lost profits | $225,000 |
| Plus applicable interest | |

Bal's damages are continuing and accumulative.

Or such other and further relief as this court may deem just and proper.

In the alternative, against Itex, NYTO, Castoro and Garcia,

|  |  |
|---|---|
| Value of advertising | $45,000 |
| Lost Profits | $225,000 |
| Return of commission | $720 |
| Plus applicable interest | |

Bal's damages are continuing and accumulative.

Or such other and further relief as this court may deem just and proper.

Second Cause of Action against Itex, NYTO, Castoro and Garcia,

|  |  |
|---|---|
| The value of advertising | $52,875 |
| Lost Profits | $225,000 |
| Return of Commission | $930 |
| Plus applicable interest | |

Bal's damages are continuing and accumulative.

Or such other and further relief as this court may deem just and proper.

12

<u>Third Cause of Action against NYTO, Castoro, Homoki, and Marich,</u>

    Taxes and shipping charges  $841.83

Or such other and further relief as this court may deem just and proper.

<u>Fourth Cause of Action against Itex, NYTO, Garcia, Homoki, and Taveras,</u>

  An Order from this Court directing Itex and NYTO to equally distribute restaurant gift certificates to Bal and all other NYTO members that desire restaurant gift certificates.

Or such other and further relief as this court may deem just and proper.

Dated: May 25, 2007
   New York, New York

                 _/s/ John Bal_
                 John Bal
                 85 Kenmare Street #35
                 New York, New York 10012
                 (212) 966-7576

To: Itex Corporation, 3326 160th Ave SE, Suite 100, Bellevue, WA 98008-3418
   NYTO Trade Incorporated, and John Castoro, 305 Madison Avenue, Suite 449
                            New York, NY 10165
   Izzy Garcia, Coral Homoki, Michael Marich, and Jessica Taveras, c/o NYTO
             1103 Westfield Avenue, Rahway, NJ 07065
   Daily News, 450 W. 33rd Street, New York, NY 10001

13

## VERIFICATION

_____JOHN BAL_____, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
[sign your name In front of a Notary]

_____JOHN BAL_____
[print your name]

State of New York
County of New York

Sworn to before me this
_____ day of __MAY 2 5 2007__, 200___

_____
Notary Public

MARGARET A. SCHWARTZ
Notary Public, State of New York
Reg. No. 04SC6152068
Qualified in New York County
Commission Expires Aug. 23, 20_1 0_

SampleCompl4-06