SUPREME COURT OF THE STATE OF NEW YORK – NEW YORK COUNTY

PRESENT: **DEBRA A. JAMES**            PART 59
              Justice

MERGENT SERVICES and JOHN BAL,
                        Plaintiffs,

- v -

ITEX CORPORATION, NYTO TRADE CORPORATION,
JOHN CASTORO, personally and in the
capacity of President and CEO, IZZY GARCIA,
personally and in the capacity of Manager,
CORAL HOMOKI, Trade Director, MICHAEL
MARICH, Trade Director, JESSICA TAVERAS,
Trade Director, and NEW YORK DAILY NEWS,
                        Defendants.

Index No.: 601777/07
Motion Date: 09/20/11
Motion Seq. No.: ~~007~~ 004
Motion Cal. No.: _____

**FILED**

NOV 23 2011

NEW YORK
COUNTY CLERK'S OFFICE

The following papers, numbered 1 to 4 were read on this order to show cause to hold Castoro and Benson in contempt of court.

| | PAPERS NUMBERED |
|---|---|
| Order to Show Cause -Affidavits -Exhibits | 1, 2 |
| Answering Affidavits - Exhibits | 3 |
| Replying Affidavits - Exhibits | 4 |

American Arbitration Association letter dated 10.31.11;
letters from J. Bal dated 08.29, 08.15, 08.10, 07.15, 06.7 & 05.24.11, and 12.06.10;
J. Maira, Esq. dated 08.23.11; J. Goldman, Esq. dated 08.18.11

**Cross-Motion:** ☐ Yes ☒ No

     Upon the foregoing papers, it is ordered that *pro se* plaintiff John Bal's show cause order to hold defendant Castoro and/or defendant Benson in contempt is denied.

     However, exercising this court's inherent power to ascertain the true nature of plaintiff's motion (Johnson v Ford, 33 AD3d 529, 531 [1st Dept 2006]), the court finds that *pro se* plaintiff seeks, in fact, to renew this court's order of January

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Check One: ☒ FINAL DISPOSITION     ☐ NON-FINAL DISPOSITION
Check if appropriate: ☐ DO NOT POST     ☐ REFERENCE

4, 2008 ("Order")[1]. The court shall grant renewal based on the additional facts brought forth by *pro se* plaintiff that establish that Itex Corporation, the defendant who sought arbitration[2], was unable to pay the arbitration fees, and as a result has waived its right to arbitrate.

To the extent that *pro se* plaintiff John Bal seeks to hold Robert Benson, vice president of defendant Itex Corporation and defendant John Castoro, president, chief executive officer and trade broker of NYTO Trade Incorporated in contempt with respect to the "Order" that pursuant to their written agreement compelled the parties to submit their dispute to arbitration, he, in all respects, fails to make the requisite showing.

Plaintiff asserts that John Castoro is in contempt for "disobeying this Court's order,... making false statements," and for converting $56,650 of funds in plaintiff's trading account

---

[1] The court inadvertently listed the year of its Order of January 14, as 2007 instead of 2008. The decision also incorrectly stated "No party raises any object(sic) to the enforcement of the forum selection clause here and therefore the court shall dismiss this action under CPLR 3211(a)(1)". In fact, plaintiff Bal did object to enforcement of the forum selection clause arguing that the Washington State forum was inconvenient and that he never agreed to but struck out the provision designating Sacramento, California as the venue for any action under the agreement. However, plaintiff did not deny that in 2002 he affixed his signature to an acknowledgment that stated that he received, read and consented to the Trading Rules, which provided that the parties would resolve any dispute under the commercial rules of the American Arbitration Association in the state of Washington.

[2] The Order did not compel defendant New York Daily News to arbitrate, as it was not a party to the arbitration agreement. References to defendants in connection to the arbitration are not to defendant New York Daily News.

and that Benson should be held in contempt for submitting a "fraudulent accounting statement to the court and concealing the conversion of $24,740" of funds in plaintiff's trading account.

First, as for Benson, plaintiff fails to make the requisite showing in that plaintiff does not allege that Benson violated a lawful order of the court that clearly expressed an unequivocal mandate, and that was in effect. Matter of McCormick v Axelrod, 59 NY2d 574, 583 (1983). His claims that Benson committed fraud merely seek to reargue the Order that compelled plaintiff to submit such claims to arbitration. See CSAM Capital, Inc v Lauder, 67 AD3d 149 (1st Dept 2009)(fraud claims are subject to arbitration agreement). As pointed out by defendants, on January 26, 2009 this court denied plaintiff's previous motion for reargument of the Order that compelled arbitration because such motion was untimely made and lacked merit.

Plaintiff argues that Castoro is in contempt of the Order as he has not submitted to arbitration. Yet plaintiff does not contest the affidavit of Castoro, corroborated by the affidavit of his attorney Charles M. Cruikshank, that he retained Cruikshank in Washington to defend him in the arbitration; that Cruikshank worked extensively on the arbitration hearing that was to commence on August 17, 2010; that Cruikshank engaged plaintiff in discussions over e-mail and telephone and sent plaintiff an

extensive demand for discovery documents; that plaintiff claimed at all times to be out of the country, never responded to Castoro's request for documents and refused to travel to Washington for a deposition; that Castoro paid the initial fees for arbitration, but that he could not pay the additional arbitration fees.

Nor does plaintiff contest that the American Arbitration Association ("AAA") suspended the arbitration hearing as plaintiff declined the option that AAA offered him to continue with the proceeding notwithstanding Itex Corp.'s inability to pay the fees. In fact, plaintiff asserts that he could not afford to advance the required payment. The AAA corresponded with this court in a letter dated October 31, 2011, which stated that AAA terminated the arbitration, without prejudice, "after a sufficient amount of time to correct the deposit issue".

The burden is on the party seeking a civil contempt order to demonstrate with reasonable certainly that the order has been disobeyed. Matter of McCormick, supra. Plaintiff fails to meet that burden with respect to Castoro. There is no dispute that Castoro not only paid the initial fee set by AAA but also retained an attorney licensed to practice in Washington state, who represented him in preparation for the arbitration. The court does not find that defendant Itex Corp's inability to pay the arbitrators' fees constituted its voluntary or intentional

refusal to pay. See Coty Inc v Anchor Const Inc, 2003 NY Slip Op 50013(U)(N Y Co Supreme Court). In this instance, the matter is further complicated given that Bal asserts that he is likewise unable to advance AAA's required deposit.

In finding a waiver of arbitration in Brandifino v CryptoMetrics,Inc, 27 Misc3d 513, 524 (West Co Sup Ct 2010), the court reasoned

> The court is cognizant of the law's preference to require parties to abide by their arbitration agreements and that a court should not find waiver absent a clear showing of an intent to abandon the arbitration process. However, when the purpose of arbitration - to provide a cost-effective and efficient means of resolving a claim - is thwarted by a party's default in failing to pay the required fees- the court believes that the paying party's right to have its dispute adjudicated and not to be unreasonably held at the mercy of a nonpaying party outweighs the strong presumption in favor of arbitration, provided there is a factual basis for a finding of waiver.

On September 3, 2009, AAA granted the parties' request for waiver/deferral, in which it determined to defer $2,062.50 of the initial filing fee of $2,750.00 and the entire case service fee of $1,250.00. It stated that AAA "has no authority to waive/defer arbitrator compensation and expenses or non-Association hearing room expenses" and that such charges would be due and payable when invoices are sent in accordance with AAA Rules.

Each party paid his initial administrative fee of $687.50 in September 2009. Defendants retained Cruikshank, and the parties

participated in a preliminary hearing in the arbitration held by telephone on February 25, 2010, which resulted in Pre-Hearing Order No. 1 dated February 26, 2010, which described the procedures and required that the parties make a discovery plan. It scheduled the hearing for two (2) days commencing on August 17, 2010 in law offices located in Washington state.

Plaintiff does not dispute defendants' contention that Cruikshank engaged him in discussions over e-mail and telephone or that in response to his demands for documents and to take a deposition, plaintiff claimed at all times to be out of the country, never produced documents and refused to travel to Washington for the deposition.

On June 18, 2010, in an e-mail sent to plaintiff, Cruikshank wrote "Mr Bal. My client is struggling to keep his business going. He does not anticipate being able to make any payments to AAA in the foreseeable future. Feel free to go ahead with Respondent's fee payments, if that is your wish."

AAA communicated to plaintiff the option of advancing the required fees and continuing with the arbitration. Plaintiff responded that he could not afford to make the payments.

With the additional facts that plaintiff submits on his motion, which defendants do not contest, the court finds that defendant Itex Corp. waived its right to enforcement of the

arbitration clause of the agreement, and plaintiff is entitled to have his dispute adjudicated.

The court must stress that it does not countenance plaintiff's pattern of flouting proper procedures and rules. While he criticizes defendant Benson for tendering a settlement offer made to plaintiff via the arbitrator, which was a violation of the Pre-Hearing Order No. 1, plaintiff sent several letters to this court, after the motion was fully submitted, that are not compliant with the strictures of CPLR 2214 (Motion papers; service, time) and without copying his adversary counsel, which likewise constitute inappropriate ex parte communications, even after he had been forewarned by this court that such was prohibited. Of equal importance, plaintiff must refrain from making accusations such as "your decisions may be improperly influenced" that are without any foundation, lack merit and themselves border on contempt of court.

In addition, defendants' contentions that plaintiff refused to exchange documents or travel to Washington state for the arbitration deposition, claiming at all times to be out of the country, mirrors plaintiff's consistent refusal to accept that his being regularly out of the country provides no legal excuse for his failure to abide by deadlines that pertain to his prosecution of this litigation. Plaintiff will risk dismissal of

his complaint should he persist in disregarding court ordered deadlines.

Accordingly, it is hereby

ORDERED that the motion of plaintiff to hold defendant Castoro and Benson in contempt of court is denied; and it is further

ORDERED that to the extent that it seeks to renew this court's Order dated January 14, 2008, the motion of plaintiff is granted and the Order dated January 14, 2008 is vacated only with respect to its grant of defendant Itex Corporation's cross-motion to dismiss the complaint, and such cross motion to dismiss is denied and the Complaint is reinstated, and it is further

ORDERED that the Clerk shall restore this action to the pre Note of Issue calendar of IAS Part 59; and it is further

ORDERED that defendants shall serve and file their answers to the Complaint within thirty (30) days of service of a copy of this order with notice of entry; and it is further

ORDERED that the parties shall appear on March 20, 2012, 9:30 AM in IAS Part 59, 71 Thomas Street, Room 103, for a preliminary conference.

This is the decision and order of the court.

**FILED**

Dated: __November 17, 2011__     ENTER:     **NOV 23 2011**

NEW YORK
COUNTY CLERK'S OFFICE

**DEBRA A. JAMES** J.S.C.

-8-