SUPREME COURT OF THE STATE OF NEW YORK -- NEW YORK COUNTY

PRESENT: **DEBRA A. JAMES**   PART 59
          Justice

MERGENT SERVICES and JOHN BAL,
                        Plaintiffs,

Index No.: 601777/07
Motion Date: 04/24/12

- v -

ITEX CORPORATION, NYTO TRADE CORPORATION,
JOHN CASTORO, personally and in the
capacity of President and CEO, IZZY GARCIA,
personally and in the capacity of Manager,
CORAL HOMOKI, Trade Director, MICHAEL
MARICH, Trade Director, JESSICA TAVERAS,
Trade Director, and NEW YORK DAILY NEWS,
                        Defendants.

Motion Seq. No.: 005
Motion Cal. No.:

FILED
APR 01 2013
NEW YORK
COUNTY CLERK'S OFFICE

The following papers, numbered 1 to 4 were read on this order to show cause to reargue Order dated November 11, 2011 restoring action to the calendar.

| | PAPERS NUMBERED |
|---|---|
| Order to Show Cause -Affidavits -Exhibits | 1, 2 |
| Answering Affidavits - Exhibits | 3 |
| Replying Affidavits - Exhibits | 4 |

Cross-Motion:  ☐ Yes  ☒ No

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Upon the foregoing papers, it is ordered that defendant ITEX Corporation's motion to reargue this court's order dated November 17, 2011 is granted and upon reargument the court vacates such prior order that vacated the court's order dated January 14, 2008 granting defendant Itex Corporation's cross motion to dismiss the complaint, and that order dated January 14, 2008 dismissing the complaint against ITEX Corporation shall be reinstated, and the complaint against ITEX Corporation shall be dismissed.

Defendant ITEX Corporation is correct, and *pro se* plaintiff agrees, that as pro se plaintiff Bal never demanded that defendant ITEX Corporation arbitrate, defendant ITEX

Check One:   ☒ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION
Check if appropriate:   ☐ DO NOT POST   ☐ REFERENCE

Corporation cannot be found to have waived its right to the enforcement of the arbitration clause of the agreement. <u>See</u> <u>Island Cash register v Data Term Sys</u>, 244 AD2d 117 (1st Dept 1998). In restoring the complaint against defendant ITEX Corporation only, this court overlooked facts by conflating the defendants Castoro, Garcia, who are principals of NYTO Trade Incorporation, and NYTO Trade Incorporation, an independent contractor of ITEX Corporation, with defendant ITEX Corporation. In misapprehending such facts the court restored the complaint against the incorrect defendant, as there was no basis to find that defendant ITEX waived its right to arbitrate.

Plaintiff does not move to reargue such order of the court and only requests that the action be restored against defendants NYTO Trade Incorporated, Castoro and Garcia as part of his opposition papers to defendant ITEX Corporation's motion. As no notice to reargue has been provided to such defendants, the court may not grant such relief. <u>McCann v McCann</u>, 75 AD2d 534 (1st Dept 1980).

Accordingly, it is hereby

ORDERED that the motion of defendant ITEX Corporation to reargue this court's order dated November 17, 2011 is granted, and upon reargument, the court vacates its order dated November 17, 2011 and denies plaintiff's motion to vacate this court's prior order dated January 14, 2008, and that order dated January 14, 2008 is reinstated and the complaint against defendant ITEX Corporation is dismissed; and it is further

ORDERED that the Clerk shall enter judgment dismissing the complaint against defendant ITEX Corporation.

This is the decision and order of the court.

Dated: _____March 26, 2013_____         ENTER:

**FILED**

APR 01 2013

NEW YORK
COUNTY CLERK'S OFFICE

DEBRA A. JAMES
J.S.C.

2