UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUSINESS WATCHDOG, MERGENT SERVICES,
And JOHN ANDRIES BAL, JR.,　　　　　　　　　　Case Number: 13 CV 6794 (CM)

　　　　　　　-Plaintiffs-,

ITEX CORPORATION, STEVEN WHITE,
personally and in the capacity of CEO, CFO, and
Chairman of the Board, ERIC BEST, personally
and in the capacity of Director, JOHN WADE, personally
and in the capacity of Director, ROBERT BENSON,
personally and in the capacity of Vice President, NYTO
TRADE INCORPORATED, JOHN CASTORO aka
NYTO TRADE INCORPORATED aka NYTO
TRADE INCORPORATION aka NYTO TRADE
EXCHANGE and 44 TRADE CORPORATION, aka
NYTO TRADE, INC.., personally and in the capacity
of President, and IZZY GARCIA, personally and in the
capacity of Manager,
　　　　　　　-Defendants-.
------------------------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN SUPPORT OF NYTO TRADE INCORPORATED, JOHN CASTORO and IZZY GARCIA, DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

　

LAW OFFICE OF JOSEPH MAIRA
1229 Avenue Y, Ste. 5C
Brooklyn, NY 11225
Phone: 718-368-2322
Counsel for the Defendants NYTO
TRADE INCORPORATED, JOHN
CASTORO, and IZZY GARCIA

# TABLE OF CONTENTS

                                                                                                    **Page**

PRELIMINARY STATEMENT……………………………………………………..4

ARGUMENT..............................................................................................................4

    I. Bal Cannot Assert eBuy-Sell's Claims..................................................................4

    II. Bal's Common-Law Claims Fail……………………………………………….4

        A.   Bal is Barred from Asserting Claims Accruing Before September 24, 2007 …………………………………………………………………………….4

    III . Bal's RICO Claim Fails……………………………………………………….4

    IV. Bal's Constituational Claims Fail……………………………………………..5

CONCLUSION……………………………………………………………………...5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Biddle Sawyer Corp. v. Charkit Chemical Corp.*, 1991 WL 60369, at * 4 (S.D.N.Y. Apr. 2, 1991)……………………………………………………………………………5

STATUTES, REGULATIONS, AND RULES

42 U.S.C. § 1983……………………………………………………………………5

CPLR § 204(b)……………………………………………………………………...4

CPLR § 205……………………………………………………………………………4

## PRELIMINARY STATEMENT

NYTO Defendants' reiterate in their Reply Memorandum of Law that Bal has not stated any RICO, constitutional, and common law claims. These claims are either time-barred or fail to state a claim.

## ARGUMENT

## BAL CANNOT ASSERT E-BUY-SELL'S CLAIMS

NYTO joins and adopts ITEX Defendants reply memorandum of law that claims by Bal on behalf of eBuy-Sell must be dismissed because Bal lacks standing to assert them and corporation cannot proceed pro se.

E-Buy-Sell is a corporation and cannot proceed *pro se*.

## BAL'S COMMON-LAW CLAIMS FAIL

### *Bal's Claims Accruing Before September 24, 2007 are Time-Barred*

NYTO joins and adopts ITEX Defendants reply memorandum of law that Bal's claims accruing before September 24, 2007 are time-barred. Bal relies on CPLR §§ 204(b) and 205(a) to argue that the statute of limitation has tolled. CPLR §§ 204(b) and 205(a) are inapplicable to Bal's claims because § 204(b) does not toll a case where the court has ruled a case is arbitrable. This was the case here.

## BAL'S RICO CLAIM FAILS

NYTO joins and adopts ITEX Defendants reply memorandum of law that Bal's RICO claim fails. As ITEX Defendants have pointed out in their reply memorandum of law, Bal's RICO Case Statement is untimely, and fails to state a recognizable injury within RICO's four-year limitations period. "The RICO Case Statement is not conceived to perform the function of an amended complaint; and so on this motion [this Court] can consider only the allegations of the

complaint." *Biddle Sawyer Corp. v. Charkit Chemical Corp.*, 1991 WL 60369, at * 4 (S.D.N.Y. Apr. 2, 1991). Therefore, Bal's RICO should be dismissed with prejudice.

## BAL'S CONSTITUTIONAL CLAIMS FAIL

NYTO joins and adopts ITEX Defendants reply memorandum of law that claims by Bal's constitutional claims fail. Bal does not refute that NYTO Defendants have not acted "under color of any [state] statute, ordinance, regulation, custom, or usage," 42 U.S.C. § 1983. Bal also has not introduced additional information how NYTO defendants have violated Bal's constitutional claims. Any new claim raised by Bal in opposition papers may not be considered by this Court. Therefore, Bal has failed to claim constitutional or civil rights claim under federal or New York law.

## CONCLUSION

For the foregoing reasons, the NYTO Defendants respectfully request that the Court grant its motion to dismiss the Amended Complaint in its entirety with prejudice.

Dated: September 18, 2014 \_\_\_\_\_s/s_____
By: Soma S. Syed, Esq., Of Counsel
LAW OFFICE OF JOSEPH MAIRA
1229 Avenue Y, Ste. 5C
Brooklyn, NY 11225
Phone: 718-368-232
soma.syedesq@gmail.com
somasyed@hotmail.com
Mogul12218@aol.com
*Attorneys for Defendants*