# Frankfurt Kurnit Klein + Selz PC

**Edward H. Rosenthal**

488 Madison Avenue, New York, New York 10022

T (212) 826 5524     F (347) 438 2114

erosenthal@fkks.com


October 3, 2014


**VIA ECF**

The Honorable Colleen McMahon
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl St., Room 1640
New York, NY  10007

      RE:    <u>*Bal v. ITEX Corporation et al.*, Case No. 1:13-cv-06794-CM</u>

Dear Judge McMahon:

      On behalf of defendants ITEX Corp., Steven White, John Wade, Eric Best, and Robert Benson (the "ITEX Defendants"), we write to oppose plaintiff John Bal ("Bal")'s[1] September 29, 2014 letter motion (the "Letter Motion"), which seeks to add Bal's RICO Case Statement as an "addendum" to plaintiffs' Verified First Amended Complaint (the "Amended Complaint" or "FAC"), and to add eBuy-Sell.com, Inc. ("eBuy-Sell") as an additional plaintiff in this case.

      On June 9, 2014, the ITEX Defendants moved to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) and 12(b)(2), raising, among other arguments, the two issues Bal seeks to address in the Letter Motion. (*See* Dkts. 37-41.) First, the ITEX Defendants argued that Bal has no standing to assert the claims of eBuy-Sell, a corporation of which Bal is "sole owner" and which is not a named plaintiff in this action. (*See* Dkt. 41 at 8-10) (citing *Jones v. Niagara Frontier Transp. Authority*, 836 F.2d 731, 736 (2d Cir. 1987) ("A shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation.")). On this point, the ITEX Defendants further noted that even if eBuy-Sell *were* a named plaintiff, its claims would still have to be dismissed, because "it is established that a corporation, which is an artificial entity that can only act through agent, cannot proceed *pro se*." *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983); *see* Dkt. 41 at 9. Second, in arguing

---

[1] Because the other plaintiffs in this action, Mergent Services and Business Watchdog, are simply unincorporated alter egos of John Bal, we also refer to plaintiffs collectively as "Bal" herein. (*See* Dkt. 41 at 1 n.1)

that Bal's RICO claim failed to state a claim, the ITEX Defendants stated that their ability to respond to the claim had been prejudiced by Bal's failure to file a RICO Case Statement within 30 days of his assertion of the claim, pursuant to Judge McMahon's Individual Rule III.B and the RICO Case Standing Order. (Dkt. 41 at 16 n.6.)

Bal attempted to address these issues in his opposition to the motion to dismiss, submitted on August 11, 2014. As to eBuy-Sell, Bal claimed that "[o]n July 7, 2014, eBuy-Sell made an assignment of this lawsuit to Bal," purportedly curing Bal's inability to assert the claims of eBuy-Sell and circumventing the bar on corporate *pro se* representation. (Dkt. 66 at 1, *see* Dkt. 65-1 at ECF 2-3.) As to the RICO Case Statement, Bal simply referred the Court in various sections of his opposition to "Plaintiffs' RICO Case Statement," which had still not been submitted. (*See* Dkt. 66 at 10; Dkt. 65 at ¶¶ 40-41.) On September 9, 2014 – nearly a month after he submitted his opposition papers, nearly four months after its May 12, 2014 deadline, and days before the ITEX Defendants reply was due – Bal finally submitted his RICO Case Statement. (*See* Dkt. 71.)

In their reply brief, the ITEX Defendants demonstrated that neither of Bal's responses serve to revive Bal's failed claims. Even assuming eBuy-Sell's assignment was valid, the Second Circuit prohibits corporations from assigning their claims to a lay person in order to allow such an individual to proceed *pro se* to prosecute its claims. (Dkt. 72 at 3) (citing *Jones*, 722 F.2d at 22; *Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013)). And even if this Court considers the newly added predicate acts and third-party "victims" identified in Bal's RICO Case Statement, Bal's RICO claims still fails because it is time-barred. (Dkt. 72 at 7-8.)

For precisely these reasons, the relief Bal seeks in the Letter Motion should not be granted. First, putting aside that eBuy-Sell has purportedly assigned its claims against the ITEX Defendants to Bal and therefore has no claims to assert, adding the company as a plaintiff would not cure the Amended Complaint's deficiencies: eBuy-Sell's claims must be pursued by an attorney, not by Bal, and Bal's allegations regarding eBuy-Sell fail to state a claim even if they are considered. (*See* Dkt. 41 at 10-11, 18, 20-21.) Second, while Bal complains that the ITEX Defendants have not "identif[ied] a single allegation in the RICO Statement that is not contained in plaintiffs' First Amended Complaint" (Letter Motion at 1), there are a host of such allegations. Indeed, Bal raises entirely new claims that ITEX "embezzled" from twelve non-parties, including individuals identified only as "David," "Bill," and "Mendy." (Dkt. 71 at 12-15.) He also describes violations of statutes that were either completely omitted or mentioned only in passing in the Amended Complaint, such as unlicensed money transmission, 18 U.SC. § 1960 (Dkt. 71 at 22); bank fraud, 18 U.S.C. § 1344 (*id.* at 23); and interstate and foreign travel in aid of racketeering enterprises, 18 U.S.C. § 1952 (*id.* at 24). However, despite these new allegations, the fundamental deficiency of Bal's RICO claim remains the same: he alleges no cognizable injury discovered or reasonably discoverable within RICO's four-year limitations

Hon. Colleen McMahon
October 3, 2014
Page 3

period. (*See* Dkt. 72 at 7-8.) Accordingly, allowing Bal to incorporate the RICO Case Statement into the Amended Complaint fails to cure its defects.

      Ultimately, Bal's claims fail in their entirety whether or not he is granted the relief he seeks in the Letter Motion. But the ITEX Defendants are well-acquainted with Bal's repetitive and dilatory litigation tactics, and this latest request is part of that pattern. Bal has spent nearly seven years futilely attempting to revive a litigation in the Supreme Court of the State of New York, based on the same transactions as those at issue here, despite its being dismissed in 2008 light of an arbitration clause between the parties. (*See* Dkt. 41 at 3-4.) In 2013, Bal brought yet another action against the ITEX Defendants in New York, this time styled as a *qui tam* claim, in which he makes allegations largely overlapping with both the previous state court action and the instant action.[2] Bal's abuse of the judicial process must come to an end, and the Court should begin by rejecting his belated requests to add eBuy-Sell as a party plaintiff and incorporate his RICO Case Statement into the Amended Complaint.

      Respectfully submitted,

Edward H. Rosenthal

cc:     John Andries Bal, Jr. (via e-mail and ECF)
          Soma Sultana Syed, Esq. (via ECF)

---

[2] The complaint in Bal's *qui tam* action was unsealed and served on or about August 3, 2014, after the ITEX Defendants had filed their motion to dismiss in this action.